JOHN H. BRUNING, RELATOR, v. HOBOKEN PRINTING AND PUBLISHING COMPANY ET AL.

Argued January 3, 1902—Decided January 13, 1902.

Before a writ of *mandamus* will issue at the relation of a stockholder to inspect the books of a trading company, it must appear that the application is sought in good faith and for a specific purpose. Such purpose must appear by the proofs.

---

On rule to show cause why *mandamus* should not issue.

Before Justices VAN SYCKEL, FORT and GARRETSON.

For the rule, *Lindabury, Depue & Faulks.*

Contra, *William S. Stuhr.*

The opinion of the court was delivered by

FORT, J.   The rule of the common law as to the right of inspection by stockholders of the books of a trading company exists here, and such right may be enforced by this court by *mandamus.  Rosenfeld* v. *Einstein,* 17 *Vroom* 479.

The right is not to be given to gratify curiosity or for speculative purposes, but only when its exercise is sought in good faith and for a specific purpose.   Such purpose must appear by the proofs on the application or the writ will be denied. *Matter of Steinway,* 159 *N. Y.* 250 ; *Phœnix Iron Co.* v. *Commonwealth,* 113 *Pa. St.* 563 ; *Rosenfeld* v. *Einstein, supra.*

The allowance of the writ is within the discretion of the court, upon the facts presented in each particular case.

In the application now before the court there is no evidence indicating the purpose of the relator in seeking the right to inspect the cash-book and other books of the company, and in that condition of the proof the writ must be denied.

Among the books mentioned in this application is the stockbook.   Every stockholder, by our statute, has a right to inspect that at all times during business hours.   *Pamph. L.* 1896, *p.* 288, § 33.

There was no claim on the argument that the right to inspect the stock-book alone was denied to the relator.   Indeed, the proof shows that it was not.

The writ in this case is denied, but without costs.