WILLIAM A. ABBERGER and Another, Suing, the Said WILLIAM A. ABBERGER as a Director, WILLIAM A. ABBERGER and Another, as Stockholders of KULP TRANSPORTATION LINES, INC., a Domestic Corporation, on Behalf of Themselves and All Other Stockholders in Said Corporation Similarly Situated, Plaintiffs, *v.* MOLLIE G. KULP, Individually, and as Executrix, etc., of FRANK H. KULP, Deceased, and as a Director and Officer of Said KULP TRANSPORTATION LINES, INC., and Others, Defendants.

Supreme Court, Erie County, July 5, 1935.

*George Clinton, Jr.*, and *J. Francis Harter*, for the plaintiffs.

*Walter S. Forsyth*, for the defendants.

HARRIS, J.   On the return day of a motion made by the plaintiffs herein for an order directing the defendants to show cause why such defendants should not be enjoined and restrained from passing a resolution removing the plaintiff, William A. Abberger, as a director of the defendant, Kulp Transportation Lines, Inc., during the pendency of this action, by consent there was submitted to the court a motion made by the defendants for the dismissal of the complaint herein.   Both motions are disposed of in this memorandum.

The complaint contains two causes of action and its allegations in substance are that the plaintiff William A. Abberger, as a director, and William A. Abberger and Ethel A. Abberger, as stockholders, bring this action on behalf of all stockholders similarly situated as they claim to be and on behalf of themselves.   Various acts of misconduct as directors are alleged against the defendant directors and the prayer is for an accounting and the appointment of a receiver and that the defendant directors be caused to bring certain actions to compel the payment of certain debts alleged to be owing to the defendant corporation.   The plaintiffs further allege that the defendants are wrongfully endeavoring to remove the plaintiff William A. Abberger as a director of the defendant corporation, and ask that restraint be granted by the court against such removal.

The attack made by the defendants against the complaint is based on the rule that in bringing a derivative action, the stockholders or directors suing must show that a demand has been made on those in charge of the corporation to bring the action and that those so in charge have refused to comply with the demand or that a demand on those in charge would be futile.   (*Isaac* v. *Marcus*, 258 N. Y. 257; *Bissell* v. *Taylor*, 229 App. Div. 369.)

An examination of the complaint shows that the plaintiffs herein claim that the directors other than the director who sues as plaintiff, are under the domination of the defendant Mollie G. Kulp, and if

this is the truth then this court is of the opinion that on the establishment of the fact of such domination it will be necessary to conclude that a demand would be futile. Therefore, this court is of the opinion that on its face the complaint states a cause of action and the motion to dismiss the complaint must be denied.

The application of the plaintiffs for an order restraining the defendants from removing the plaintiff William A. Abberger as a director rests on two grounds: *First.* That his removal during the pendency of this action will cause to abate that cause of action in the complaint which is brought by the plaintiff William A. Abberger as a director. The cases lay down the rule that ouster of a director who has already brought an action will not cause the action to abate. (*Wangrow* v. *Wangrow,* 211 App. Div. 552; *Manix* v. *Fantl,* 209 id. 756.) The plaintiffs cite in opposition to these cases the case of *Hamilton* v. *Gibson* (145 App. Div. 825), but that case decided in the First Department, was specifically overruled by the same department in the *Manix* and *Wangrow Cases* (*supra*). With this rule in mind, it is necessary to hold that the objection that removal of the plaintiff as a director would abate the action is not sound.

The *second* reason advanced by the plaintiffs for the granting of the restraining order against the removal of the plaintiff William A. Abberger as a director during the pendency of this action is that the defendant corporation had no right to remove a director during his term of office unless the certificate of incorporation gives authority for removal. From an examination of the cases in this State the court collates the following rules in reference to the removal of directors by the stockholders of a corporation: (a) That irrespective of the existence of any provision in the certificate of incorporation or of a by-law, a corporation may remove a director during his term of office for cause arising from his acting in a manner inimical to the interests of the corporation; (b) during his term of office, a director may not be removed except for cause unless at the time of his election there existed a by-law that provided for the removal of a director without cause. If such by-law exists then he has taken office subject to the provisions of the by-law; (c) a corporation may adopt a by-law providing for the removal of a director with or without cause, but such by-law, in so far as it refers to the removal of a director without cause, is of no value for the removal of a director who is in office at the time of the enactment of the by-law; (d) without a by-law which is in force prior to his election and at the time of his election, a director has a vested right to continue in his office to the end of his said term except if he is removed for cause; (e) if a by-law provides for removal, its provisions must be followed before removal can be brought about. (*Matter of Koch,* 257 N. Y.

318; *Fells* v. *Katz*, 256 id. 67; *People ex rel. Manice* v. *Powell*, 201 id. 194; *Matter of Korff*, 198 App. Div. 553; *Raub* v. *Gerken*, 127 id. 42; *Fox* v. *Cody*, 141 Misc. 552; *Matter of Automotive Manufacturers Assn., Inc.*, 120 id. 405; *Matter of Schwartz*, 119 id. 387.)

With the above rules in mind, this court considers the facts as established by the papers before him on these motions. These facts establish that prior to the election of the plaintiff William A. Abberger to the office of director for his present term and at a meeting of the stockholders where he entered no objection to and apparently voted for the resolution, there was enacted a resolution providing for the adoption of a by-law which reads as follows:

" *Resolved*, that the By-Laws of this corporation be amended so as to add a third paragraph under Section 1, of Article II of said By-Laws, which said paragraph shall read as follows:

" ' Any one or more of the directors of this corporation may be removed, either with or without cause, at any time, upon thirty days (30) written notice to said director or directors to be removed, by the vote of the stockholders either present in person or by proxy, holding more than fifty per cent (50%) of the issued and outstanding stock of said corporation entitled to vote thereon, at any special meeting of the stockholders of this corporation called for that purpose. Nothing hereinbefore or hereinafter contained in these by-laws shall be considered as limiting the rights given to stockholders at such special meeting to remove any or all the directors, with or without cause, as hereinbefore provided.' "

In view of the rules of law above stated, this court is of the opinion that in accepting election to the office of director while such by-law was in existence, the plaintiff William A. Abberger took such office subject to his term being terminated at any time prior to its original date of expiration, provided that the provisions of the by-law were followed in bringing about such removal. Written notice was served dated June 5, 1935, and received by the said William A. Abberger on June 6, 1935, of a stockholders' meeting to be held on June 21, 1935, " to remove William A. Abberger as a director of said corporation and elect a successor in his place." Pending the decision of these motions such meeting was adjourned. Although the plaintiff William A. Abberger claims that such a by-law is invalid, the court is of the opinion that the above-mentioned rules and cases last above cited make this by-law ample authority for the removal of the said William A. Abberger as a director at a properly held and conducted meeting of the stockholders. The said plaintiff William A. Abberger contends that even if the by-law is valid there should be thirty days' notice given of the holding of the meeting, but a reading of the by-law convinces

the court that the thirty days' written notice referred to in the by-law as above quoted is a notice to the director that his removal becomes effective at the end of thirty days after the stockholders have taken action, and that it is not necessary that preliminary to the calling of the meeting for the removal of a director that there be given thirty days' notice of the holding of the meeting. As the court is of the opinion that the by-law is valid and that proper notice has been given of such meeting of the stockholders and that the action brought by William A. Abberger as a director will not abate on his removal, it becomes necessary for the court to leave the question of his removal to the stockholders. Therefore, the court will not further restrain the holding of the meeting of the stockholders set for June 21, 1935.

It appears that on the 18th day of June, 1935, there was sent to the plaintiff William A. Abberger, as a director, a notice of the special meeting of the board of directors of the defendant corporation. The proposed business of that meeting was the consideration of the removal of the said William A. Abberger as a director and in every other capacity for activities detrimental to the best interests of the defendant Kulp Transportation Lines, Inc. The board of directors of the defendant corporation has no right to remove a director and in so far as that objective is concerned, action of the board of directors should be restrained. In so far as the question of the removal of the said Abberger as an employee or agent of the defendant corporation is concerned, there is no information before the court showing that he has a right to be retained as an employee or agent of the corporation superior to the right of the board of directors on behalf of the corporation to discharge a servant or agent. So although the court will restrain the defendants as directors from removing the said William A. Abberger as a director (because the court is of the opinion that such power of removal lies with the stockholders alone), the court will not on the present showing restrain any action on the part of the defendants as a board of directors from discharging said Abberger from any employment if and when such discharge is within the right of the defendant corporation as employer.

Orders in accordance with the above may be presented to me for signature.