ARTHUR W. DRAKE, J. HAROLD DRAKE, ROSE DRAKE, AND NEWMAN V. DRAKE, RELATORS, v. NEWTON AMUSEMENT CORPORATION AND SIDNEY E. SAMUELSON, RESPONDENTS.

Submitted August 3, 1939—Decided December 8, 1939.

Before Justice HEHER, at the Sussex Circuit, pursuant to *R. S.* 1937, 2:83-2, *et seq.*

For the relators, *David Bobker.*

For the respondents, *Coult, Satz & Tomlinson (Joseph Coult,* of counsel).

HEHER, J.  Relators hold in the aggregate two hundred and sixteen shares of the preferred stock of the respondent corporation and two hundred forty shares of its common stock. The stock issues total five hundred and ninety-seven shares of preferred and nine hundred and seventy-two shares of common. Arthur W. Drake is, and has been since January 20th, 1931, a director of the corporation. It is the operator of a motion picture theatre in the town of Newton. The business was established by respondent Sidney E. Samuelson and the relators' father, Newman E. Drake, who died in 1930. Relators succeeded to the latter's shareholdings; and Arthur W. Drake has represented the family interest on the board of directors.

Since June 18th, 1937, when demand therefor was first made, relators have been denied an inspection of the corporation's books of account and records. In justification of this course, respondents impute "bad faith" to Arthur W. Drake, *i. e.,* that he "is merely attempting to force a purchase of his family's stockholdings." Moreover, it is maintained that he is negotiating with the operator of a competing motion picture theatre in a neighboring community for the purchase of the family's shareholdings; that respondent corporation's "film contracts are confidential because there is no set price in this business;" and that "the Newton Theatre, due to Samuelson's connections in the industry, is able to obtain advantages which would be lost to it, if known to a competitor."

It is urged, in support of the asserted right of inspection, that the reports and financial statements submitted to relators by the corporation are deficient in essential and specific information, and do not furnish a truthworthy basis for determining whether there has been prudent management; that, in any event, it is the relator-director's and the stockholders' right to verify the contents of such statements; and that there is reason to believe that dividends to shareholders have been paid out of the capital fund and the company's business has been otherwise mismanaged.

The directors of a private corporation bear a fiduciary relation to the corporate body and its stockholders as well; and

it is essential to the discharge of this function that the individual directors have access to the corporation's books of account and other records. It would seem to be axiomatic that the individual director cannot make his full contribution to the management of the corporate business unless given access to the corporation's books and records. The information therein contained is ordinarily requisite to the exercise of the judgment required of directors in the performance of their fiduciary duty—so much so that the director's right of inspection has been termed absolute. It is grounded in the common law, and has not been qualified by statute. *Rosenfeld* v. *Einstein*, 46 *N. J. L.* 479; *Lawton* v. *Bedell* (*N. J. Court of Chancery*), 71 *Atl. Rep.* 490; *Machen* v. *Machen & M. Electrical Manufacturing Co.*, 237 *Pa.* 212; 85 *Atl. Rep.* 100; 42 *L. R. A.* (*N. S.*) 1079. See, also, 22 *A. L. R.* 59; 80 *A. L. R.* 1510.

And the common law also accords the right of inspection to a stockholder, if exercised in good faith for some purpose germane to his status or interest as a shareholder. Such inspection is justified if only for the purpose of ascertaining whether there has been proper management of the corporate affairs and business. Proof of maladministration is not a *sine qua non*. It is self-evident that the right is essential to the protection of the stockholder's property interest. And, for its full effectuation, the stockholder may invoke the services of a disinterested accountant. *Rosenfeld* v. *Einstein, supra; Bruning* v. *Hoboken Printing and Publishing Co.*, 67 *N. J. L.* 119; *O'Hara* v. *National Biscuit Co.*, 69 *Id.* 198; *In re DeVengoechea*, 86 *Id.* 35; *Feick* v. *Hill Bread Co.*, 91 *Id.* 486; *affirmed*, 92 *Id.* 513; *McMahon* v. *Dispatch Printing Co.*, 101 *Id.* 470; *Szeman* v. *Capital Theatre*, 3 *N. J. Mis. R.* 120; *Mateer* v. *New Jersey Tel. Co.*, 5 *Id.* 261; *Vernan* v. *Scott*, 12 *Id.* 177; *Huylar* v. *Cragin Cattle Co.*, 40 *N. J. Eq.* 392; *Mitchell* v. *Rubber Reclaiming Co.* (*N. J. Court of Chancery*), 24 *Atl. Rep.* 407; *Fuller* v. *Hollander & Co.*, 61 *N. J. Eq.* 648; *McGahan* v. *United Engineering Co.*, 118 *Id.* 410; *Klotz* v. *Pan-American Match Co.*, 221 *Mass.* 38; 108 *N. E. Rep.* 764; *Guthrie* v. *Harkness*, 199 *U. S.* 148; 26 *S. Ct.* 4; 50 *L. Ed.* 130. See, also, collation of cases in 22

*A. L. R.* 24; 43 *Id.* 783; 59 *Id.* 1375; 80 *Id.* 1502. This common law right has not been abridged by statute. *Vide R. S.* 1937, 14:5-1, 14:5-2, 14:10-5.

It is not *per se* a sufficient objection to the exercise of this qualified right of inspection that the stockholder is seeking data for the appraisement of his shareholdings for the purpose of sale. *Garcin* v. *Trenton Rubber Manufacturing Co.* (*N. J. Supreme Court*), 60 *Atl. Rep.* 1098. Here, the stockholders had entered into an agreement in writing whereby they severally bound themselves to "offer to the board of directors" of the corporation "for the company any of the capital stock which" they, "or any of" them, might "desire to sell at a price representing the then book value of said stock to be fixed by a certified public accountant."

The proofs disclose that inspection of the corporation's books and records will serve a legitimate interest of the petitioning stockholders. There is no showing of bad faith.

Let a peremptory writ of *mandamus* issue. Respondents may apply, on notice, for the imposition of such terms and conditions as they may be advised are necessary to prevent a disclosure of the corporation's trade or business secrets to its competitors, and otherwise to safeguard the common interest of the corporation and all its stockholders. The relators are entitled to costs.