GEORGE S. KEMP ET AL., RELATORS, v. SLOSS-SHEFFIELD
STEEL & IRON CO. ET AL., RESPONDENTS.

Argued January 20, 1942—Decided May 5, 1942.

Before Justices PARKER, DONGES and COLIE.

For the relators, *Osborne, Cornish & Scheck.*

For the respondents, *Pitney, Hardin & Skinner* (*Waldron M. Ward* and *Douglas Arant,* of the Alabama bar).

The opinion of the court was delivered by

DONGES, J.   This is a rule to show cause why a writ of *mandamus* should not issue commanding the respondents, Sloss-Sheffield Steel & Iron Company and Hugh Morrow, its president, to permit the relators and their representatives, with disinterested expert accountants chosen by them, to inspect and examine the books of account, records, contracts, federal reports, and other data of the respondent corporation as to the assets, liabilities, contracts, operations and practices and the administration of the affairs of the corporation.

The Sloss company has outstanding 28,647 shares of common stock and 99,318 of preferred, all stock having equal voting powers.   The group represented by the relators holds

more than five per cent. of the common stock. Their interest is substantially greater than the combined personal holdings of all the members of the board of directors.

The principle of law is well established. "And the common law also accords the right of inspection to a stockholder, if exercised in good faith for some purpose germane to his status or interest as a shareholder. Such inspection is justified if only for the purpose of ascertaining whether there has been proper management of the corporate affairs and business. Proof of maladministration is not a *sine qua non*. It is self-evident that the right is essential to the protection of the stockholder's property interest. And, for its full effectuation, the stockholder may invoke the services of a disinterested accountant." *Drake* v. *Newton Amusement Corp.*, 123 *N. J. L.* 560; *Feick* v. *Hill Bread Co.*, 91 *Id.* 486; *affirmed*, 92 *Id.* 513; *Fulle* v. *White Metal Manufacturing Co.*, 13 *N. J. Mis. R.* 591; *Vernam* v. *Scott*, 12 *Id.* 177.

The dispute in the case, as in most of this character, revolves around the motives and the good faith, or lack of it, of the relators. The relator Kemp, an experienced stock broker who is well acquainted with corporate investments, has over a period of years complained to the management over the accounting methods pursued and the lack of information supplied the stockholders. The annual reports are in fact uninformative. Some changes have been made as the result of his protests. Certain circumstances are pointed out which, on the surface, would seem to call for the utmost frankness of disclosure and for the exercise of the right of inspection by a stockholder. Sloss is controlled by a corporation known as Allied Chemical & Dye Corporation, and two of its directors sit on the board as representatives of that interest. Sloss has important contracts with Barrett Company, a wholly owned subsidiary of Allied. It is testified that Barrett's contracts with Sloss are upon the same terms as those with competitors of Sloss, but the circumstance of complete ownership of Barrett and controlling ownership of Sloss by Allied is one calling for inspection.

Certain accounting methods are pointed as suspicious. One involved the sale of certain coal property known as Drifton.

This property had been carried on the books for years at a value in excess of $4,000,000 and was sold for $1,122,276.88. However, the books were changed to show a valuation of $970,622.13 and a resultant profit instead of loss through the sale.

A partial audit of the books was permitted in 1936 by an accountant of Kemp's selecting, but the auditor testified that certain records which he considered essential to an accurate audit were withheld from him and certain information asked for was denied.

Without reviewing the evidence at length here, we conclude from our reading of it that relators have sufficiently demonstrated their good faith and that the examination they seek is germane to their substantial interest in the corporation. A peremptory writ is allowed.