FLORENCE BROWN, RELATOR, v. CENTRAL HOME TRUST COMPANY, RESPONDENT.

Submitted May 11, 1942—Decided November 23, 1942.

Before Justices CASE, DONGES and COLIE.

For the relator, *Stanley W. Greenfield.*

For the respondent, *Martin P. O'Connor.*

The opinion of the court was delivered by

DONGES, J. This is an application for a writ of *mandamus* to compel the corporate respondent to permit the relator, a stockholder of the corporation, to examine the list of stockholders of the respondent.

The respondent is a banking corporation and the statute, *R. S.* 17 :4-52, provides :

"The president and cashier or secretary of every bank or trust company shall at all times cause to be kept a true and accurate list of the names of the stockholders of record of the corporation, with the amount of the stock held by each. The

list shall at all times during business hours be open to the inspection of any stockholder."

No decisions under this statute are cited, but the provisions are similar to those of the General Corporation Act, *R. S.* 14:5-1:

"Every corporation of this state shall keep at its principal office the transfer books, in which the transfer of stock shall be registered, and the stock books, which shall contain the names and addresses of the stockholders and the number of shares held by them respectively, open at all times during the usual hours for business to the examination of every stockholder, and for the transfer of stock."

The principles that govern a stockholder's right to examine the books of a corporation have been laid down in the cases. "It seems clear that a stockholder is entitled to examine the books of the company unless it be shown that the examination is not sought in good faith and for some ulterior motive." *Vernam* v. *Scott,* 12 *N. J. Mis. R.* 177. "The common law recognized the right of a stockholder to inspect the books of a corporation where the application is made in good faith and is germane to his rights as a stockholder." *Feick* v. *Hill Bread Co.,* 91 *N. J. L.* 486.

We are of the opinion that bad faith has not been established and that there is a reasonable showing of good faith on the part of the relator. It appears that the respondent bank entered into certain agreements with a title guaranty and mortgage company whereby respondent became trustee for the holders of certain mortgage bonds secured by mortgages deposited with respondent as trustee. Certain duties as trustee were imposed on respondent. As the result of the operation of these trusts, the persons in charge of the liquidation of the mortgage and title guaranty company attempted to surcharge respondent for dereliction in its duty as trustee. This proceeding resulted in a payment by the respondent bank of some $75,000 in securities and a cash payment by the directors of the respondent for a covenant not to sue them personally.

In the situation presented, the relator seeks to learn the names and addresses of the other stockholders of the respond-

ent trust company in order "to invite the stockholders to join in a suit which she proposes to bring against the officers and directors, and to inform them that in her opinion there has been extreme mismanagement and misappropriation of funds and assets of the respondent bank." Whether there be any merit in these allegations, we are not now called upon to determine. We think she may not lawfully be deprived of the right to communicate with other stockholders and to lay before them such facts respecting the management of the corporation as, in her judgment, would warrant action against the directors. To this end, she is entitled to the right to inspect the stockholders' list.

A peremptory writ of *mandamus* is awarded, with costs.