108 N.J. Super. 88 (1969)
260 A.2d 13
PETER PILAT, PLAINTIFF,
v.
BROACH SYSTEMS, INC., A NEW JERSEY CORPORATION, DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided December 9, 1969.
*90 Messrs. Albano and Albano, attorneys for plaintiff.
Messrs. Collins and Toner, attorneys for defendant.
BRESLIN, J.D.C. (temporarily assigned).
The following facts are not in dispute. Plaintiff was a stockholder and a member of the board of directors of defendant Broach Systems, Inc., and also its vice-president from the time of the corporation's inception in 1967 until May 26, 1969. On July 28, 1969 he was removed as a director and on September 19 was discharged as an employee.
On June 3, 1969 plaintiff, through his attorney, made a written demand upon the corporation to inspect the corporate balance sheet, profit, loss and surplus statements, minutes of the shareholders' proceedings, the record of shareholders, and its books, records of account and minutes. The original purpose of the inspection was to ascertain the value of plaintiff's stockholdings in the corporation, but in his trial memorandum he indicated that he also wanted "to be certain whether or not there had been proper management of the corporate affairs and business." On June 18, 1969 plaintiff again requested the information set forth in the previous communication and made a formal demand for inspection pursuant to N.J.S.A. 14A:5-28. No response was forthcoming from defendant to either communication. On August 18, 1969 a complaint was filed in which plaintiff sought (1) an examination of the books and records of the corporation; (2) reinstatement as a director; (3) a declaration that the executive committee was illegal, and (4) an order restraining the corporation from removing its assets from New Jersey to Florida.
*91 By letter dated October 1, 1969 defendant informed plaintiff that he would be allowed to examine the listed documents with the exception of the books, records and minutes of the corporation; that he was reinstated as a director, and that a special meeting of the board of directors would be held on October 6. At said meeting the board approved a proposed amendment to the certificate of incorporation authorizing the shareholders to remove a director without cause, as provided by N.J.S.A. 14A:6-6. On October 16 the amendment was adopted and plaintiff was thereupon removed as a director.
Plaintiff asserts that he is acting in good faith, in his own interest as a stockholder and in the best interests of the corporation, and essentially requests this court to rule that (1) he is entitled to inspect the corporate books and records, and (2) the statute enabling stockholders of a corporation to remove a director without cause is unconstitutional.
Defendant contends that plaintiff instituted this action only to harass the corporation and its management and to obtain personal gain; that plaintiff is not entitled to the requested inspection since he has not shown a proper purpose, and that N.J.S.A. 14A:6-6(1) is constitutional.
Other contentions raised by the parties will be treated later on in this opinion.

I
N.J.S.A. 14A:6-6 provides:
(1) One or more or all the directors of a corporation may be removed for cause by the shareholders by the affirmative vote of the majority of the votes cast by the holders of shares entitled to vote for the election of directors. If the certificate of incorporation so provides, one or all the directors may be removed without cause by like vote of the shareholders." [Emphasis added]
Here, plaintiff's first removal from his position on the board of directors was without cause, and since there was no provision existing at the time in defendant's certificate of incorporation authorizing such removal, the same was improper *92 and void. As previously noted, defendant then reinstated plaintiff to his former status, but amended its certificate to provide for removal without cause. Plaintiff enjoyed this renewed status for about two weeks, until the shareholders once again voted him out.
Defendant, by virtue of N.J.S.A. 14A:9-1 (allowing amendments to certificates of incorporation so long as the amendments contain only such provisions as could lawfully be contained in an original certificate filed at the time of making the amendment) and N.J.S.A. 14A:6-6, had the right to amend the certificate to provide for the removal of a director without cause. Although defendant was incorporated prior to the enactment of the present statute, it unquestionably had the right to adopt as its own the provisions of the new Corporation Act. Brundage v. New Jersey Zinc Co., 48 N.J. 450 (1967). Still, the court is of the opinion that such an exercise could not work to affect plaintiff's existing rights as a director.
The precise question presented  whether an amendment to a certificate, providing for the removal of a director without cause, as authorized by statute, enables the shareholders to remove a director without cause when the director had been elected prior to the amendment  is novel in this jurisdiction, because before the enactment of N.J.S.A. 14A:6-6 New Jersey common law had held that a director could never be removed without cause and without reasonable opportunity for a hearing. Costello v. Thomas Cusack Co., 96 N.J. Eq. 83 (Ch. 1924).
New York courts, however, faced with situations similar to the present one, have resolved the problem equitably and justly. In Abberger v. Kulp, 156 Misc. 210, 281 N.Y.S. 373 (Sup. Ct. 1935), the court reviewed the past decisions in the state and set down the following rules with reference to the removal of directors by the stockholders of a corporation.
(a) That irrespective of the existence of any provision in the certificate of incorporation or of a by-law, a corporation may remove a *93 director during his term of office for cause arising from his acting in a manner inimical to the interests of the corporation; (b) during his term of office, a director may not be removed except for cause unless at the time of his election there existed a by-law that provided for the removal of a director without cause. If such by-law exists, then he has taken the office subject to the provisions of the by-laws: (c) a corporation may adopt a by-law providing for the removal of a director with or without cause, but such by-law, in so far as it refers to the removal of a director without cause, is of no value for the removal of a director who is in office at the time of the enactment of the by-law; (d) without a by-law which is in force prior to his election and at the time of his election, a director has a vested right to continue in his office to the end of his said term except if he is removed for cause. [281 N.Y.S. at 376; emphasis added]
See also Tremsky v. Green, 106 N.Y.S.2d 572 (Sup. Ct. 1951), wherein the court upheld the principles set forth above. The present New York statute dealing with the removal of directors differs only slightly from our statute and was based on the past decisional law of that state. See McKinney, Consolidated Laws of New York, Business Corporation Law, § 706. It would appear that the legislature saw no inconsistency between the statute that provides for the removal of directors without cause if the certificate of incorporation or by-laws so provide, and the decision in Abberger v. Kulp, supra.
New York is not the only jurisdiction to pass on the question. In Elevator Operators' & Starters' Union, etc., v. Newman, 180 P.2d 42 (Cal. D. Ct. App. 1947), the court adopted the reasoning of the above decisions as an equitable one and by analogy held:
* * * as to unincorporated labor unions, where the term of office of an officer is fixed in the constitution and by-laws at a fixed term, and where at the time of election to the office the constitution and by-laws do not provide for his removal by the membership, he may be removed only for cause, and in the absence of such removal is entitled to remain in his office for the balance of his term, even though the constitution and by-laws are subsequently amended so as to shorten the term of that office * * *
* * * the amendment shall be interpreted to apply prospectively to officers taking of office after its passage. [at 49]
*94 A director is a fiduciary and quasi-trustee to the corporation and to the shareholders, Hill Dredging Corp. v. Risley, 18 N.J. 501 (1955); his acts as a director may lead to his personal liability, McGlynn v. Schultz, 95 N.J. Super. 412 (App. Div. 1967), and the entire management of corporate affairs is committed to his charge upon the trust and confidence that they will be cared for and managed within the limits of the powers conferred by law upon the corporation and for the common benefit of the stockholders. 19 Am. Jur.2d 679. It would appear that the burdens and responsibilities he assumes, and the many economic interests he safekeeps, all give rise to a vested interest in his position.
For these reasons a director cannot be removed without cause unless the certificate of incorporation so provides at the time of his election thereto. Plaintiff, consequently, is to be immediately reinstated as a member of defendant's board of directors.

II
The question now to be considered is whether plaintiff has the right to inspect the corporate books and records. Defendant contends that this right will only be accorded when the applicant has shown a proper purpose and good faith, and that since plaintiff has not shown this, the requested relief should be denied.
It is the law in this State that a stockholder has the right to inspect the books and records of a corporation if it is shown that he is acting in good faith and for some purpose germane to his status or interest as a shareholder. Drake v. Newton Amusement Corp., 123 N.J.L. 560 (Sup. Ct. 1939); Bruning v. Hoboken Printing & Publishing Co., 67 N.J.L. 119 (Sup. Ct. 1902); Rosenbaum v. Holthausen, 9 N.J. Super. 484 (Ch. Div. 1950).
The cases, however, distinguish between the right of a shareholder and those of a director of a corporation. In *95 Siena v. Grand Lodge, etc., Order Sons of Italy, 11 N.J. Super. 507 (App. Div. 1951), It was held that the right of a stockholder to inspect the books and records, unlike that of a director, is qualified rather than absolute in that it is only judicially accorded when the stockholder acts in good faith and for a proper purpose. The court in Drake v. Newton Amusement Corp., supra, also noted the difference between the respective rights and stated that the director's right was absolute, the reason being that
The directors of a private corporation bears a fiduciary relationship to the corporate body and its stockholders as well; and it is essential to the discharge of this function that the individual directors have access to the corporation's books of account and other records. It would seem to be axiomatic that the individual director cannot make his full contribution to the management of the corporate business unless given access to the corporation's books and records. [123 N.J.L., at 561.]
This court is not unmindful of the decision in Mitchell v. Rubber Reclaiming Co., 24 A. 407 (Ch. 1892), where the court granted a stockholder-director's petition to inspect defendant's books and records, even though his motive may have been to gain information useful in his formation of a competing corporation. The court said:
Nor should the charge that the petitioner is not acting in good faith, and that he is really seeking for information which he may use to the detriment of this company, and to establish another, which shall be rival to this, obtain control. It may be that he is willing to sacrifice all his interest in the one in order to gratify some unworthy spirit, or to promote some selfish end, in another direction. But this cannot be said to be sufficient justification for closing the doors of the office against the petitioner, if a proper cause be shown in the case at hand. [at 409]
The court qualified its holding, however, by stating that:
I would not be understood as saying that there can be no case where the subsequent conduct of a party ought to exclude him from the benefit of the statute. Cases may often arise where his interests are very small, and, however plain his legal rights may be, he only pursues them with such mischievous purpose. In such case, if the *96 purpose be clearly established, the court would not lend its aid to its accomplishment. The burden of proving that such a purpose exists devolves upon the party who asserts it; and such proof should be clear and convincing before the party who (seeks inspection) should be denied it.
However, in view of the more recent cases, it would seem that even the above qualification is no longer the law, for if a right to inspect is to be in any way qualified, then it cannot be said to be absolute. A showing of hostile intent, therefore, will not affect a director's right of inspection.
A reading of similar cases in other jurisdictions reveals a split of opinion on the matter. Some hold that a director may be denied the right to examine the corporate records where it is shown that he has a hostile or improper motive. State ex rel. Paschall v. Scott, 41 Wash.2d 71, 247 P.2d 543 (Sup. Ct. 1952); Hemingway v. Hemingway, 58 Conn. 443, 19 A. 766 (Sup. Ct. Err. 1898); Strassburger v. Philadelphia Record Co., 335 Pa. 485, 6 A.2d 922 (Sup. Ct. 1939); State ex rel. Farber v. Seiberling Rubber Company, 3 Storey 295, 53 Del. 295, 168 A.2d 310 (Super. Ct. 1961); Henshaw v. American Cement Corp., 252 A.2d 125 (Del. Ch. 1969). These cases, however, admit that the New Jersey law is to the contrary. See State ex rel. Paschall v. Scott, and State ex rel. Farber v. Seiberling Rubber Company, supra.
Other jurisdictions, however, have held a director's right of inspection to be unqualified. Application of Martin, 32 Misc.2d 873, 224 N.Y.S.2d 972 (Sup. Ct. 1962); State ex rel. Watkins v. Cassell, 294 S.W.2d 647 (Mo. Ct. App. 1956). In the New York case of Davis v. Keilsohn Offset Co., 273 App. Div. 695, 79 N.Y.S.2d 540 (App. Div. 1948), it was held that
The petitioner, as a director of the corporation, has an absolute right to [inspection]. All that he need show is that he is a director of the company; that he has demanded permission to examine and that his demand has been refused. It is the duty of the petitioner to keep himself informed of the business of the corporation. To perform this duty intelligently he has the unqualified right to inspect its books and records. [Citations] It is of no consequence that petitioner may *97 be hostile to the corporation. His object in seeking the examination is immaterial. His right of inspection is not dependent upon his being able to satisfy other officers of the corporation that his motives are adequate. [79 N.Y.S.2d, at 541]
See also Pino v. United Democratic Regular Organization, etc., 195 N.Y.S.2d 860 (Sup. Ct. 1959); Grossman v. Central Coal Co., 11 Misc.2d 834, 173 N.Y.S.2d 423 (Sup. Ct. 1958).
Even if this court were to follow the reasoning of the first-mentioned jurisdictions, there is no showing of plaintiff's hostile intent so as to preclude him from inspection. Nevertheless, this court must follow the New Jersey decisions and it is therefore held that a director has an absolute, unqualified right to inspect the corporate books and records of account, irrespective of motive, and that in the instant case plaintiff is entitled to such inspection either with or without an attorney or accountant, as soon as conveniently possible.

III
In accordance with the provisions of N.J.S.A. 14A:6-9, on April 1, 1969 article III, paragraph 7 of the by-laws of the corporation was adopted which provided for the appointment of an executive committee, and on May 26, 1967 Fred B. Black, Jr., William E. Todd and Fred S. Broach were appointed to that committee. Plaintiff merely asserts his belief that the creation of the committee and its actions were in contravention of the aforesaid statute. In the absence of any proof to support his contention, the third count of the complaint is dismissed.

IV
In respect to plaintiff's fourth count, the present New Jersey law, N.J.S.A. 14A:3-1, provides:
(1) Each corporation, subject to any limitations provided in this act or any other statute of this State, or in its certificate of incorporation, shall have power

*98 * * * * * * * *
(d) to purchase, lease or otherwise acquire, own, hold, improve, use and otherwise deal in and with, real or personal property, or any interest therein, wherever situated.

* * * * * * * *
(i) to conduct its business, carry on its operations, and have offices and exercise the powers granted by this act anywhere in the universe. [Emphasis added]
In State v. Garford Trucking, Inc., 4 N.J. 346 (1950), it was held that a corporation created and existing under the laws of New Jersey may have a "commercial domicile" or "business situs" elsewhere for taxation and other purposes. See also In re Roche, 16 N.J. 579 (1954).
N.J.S.A. 14A:4-1 provides:
(1) Every corporation organized for any purpose under any general or special law of this State * * * shall continuously maintain a registered office in this State, and a registered agent having a business office identical with such registered office.
It is apparent, therefore, that a corporation may carry on its business in any state, subject to the provisions of N.J.S.A. 14A:4-1.
Since defendant has the right to conduct its business in Florida, and no proof having been offered of the imminent necessity for the relief plaintiff has requested, the fourth count of the complaint is dismissed.