DELMARMO ASSOCIATES, A LIMITED PARTNERSHIP, PLAINTIFF-RESPONDENT, v. NEW JERSEY ENGINEERING & SUPPLY CO., DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted November 12, 1980—Decided December 4, 1980.

16

Before Judges MICHELS, ARD and FURMAN.

*Carl F. Nitto* attorney for appellant.

No brief was filed on behalf of respondent.

The opinion of the court was delivered by

FURMAN, J. S. C. (temporarily assigned).

Right of access by a stockholder to the list of stockholders and by-laws of a corporation is at issue on this appeal. Judge Ciolino ordered that both be made available to plaintiff, a 13% stockholder in defendant corporation, upon verified complaint, order to show cause and affidavits. Defendant appeals.

 Defendant's brief raises no legal or factual contention countering plaintiff's right of access to the corporate by-laws, which are a contract between the corporation and its stockholders and the stockholders *inter sese*. *Leeds v. Harrison*, 7 *N.J.Super.* 558, 570 (Ch.Div.1950). Plaintiff, as a stockholder governed by them, is entitled to access to the corporate by-laws.

As for plaintiff's claim of right of access to the stockholder list, defendant contends that plaintiff failed to show a proper purpose under *N.J.S.A.* 14A:5–28(3), that affidavits on behalf of defendant establish plaintiff's bad faith and ulterior motive barring him from access or that, at the least, a plenary hearing should have been held to resolve disputed facts.

*N.J.S.A.* 14A:5–28(3) provides:

Any person who shall have been a shareholder of record of a corporation for at least six months immediately preceding his demand, or any person holding, or so authorized in writing by the holders of, at least 5% of the outstanding shares of any class or series, upon at least five days' written demand shall have the right for any proper purpose to examine in person or by agent or attorney, during usual business hours, its minutes of the proceedings of its shareholders and record of shareholders and to make extracts therefrom, at the places where the same are kept pursuant to subsection 14A:5–28(1).

Plaintiff's principal, George Delmarmo, sought and was denied access to the stockholder list prior to the commencement of this litigation. The verified complaint does not allege a purpose; no affidavit was filed supporting the order to show cause. During oral argument Delmarmo stated that he wanted the stockholder list to show him the stockholders.

According to affidavits on behalf of defendant, Delmarmo's purpose was to solicit purchase of stock from other stockholders in order to gain control and assume management himself, to accomplish his employment by defendant as a consultant, to merge or sell defendant or initiate a public offering of its stock. Defendant is an industrial hardware corporation founded in 1895, an established, successful business. It is threatened with disruption by an outsider without business experience in industrial hardware, a self-proclaimed "wheeler-dealer," according to the affidavit of its officers.

Nevertheless, the burden of proof rests on defendant to show that plaintiff's purpose is improper barring it from access to the stockholder list. *Morris v. United Piece Dye Works,* 137 *N.J.L.* 262 (Sup.Ct.1948); *Vernam v. Scott,* 12 *N.J.Misc.* 177 (Sup.Ct.1934). In our view, defendant failed to meet that burden of proof.

The purpose of gaining voting control of a corporation through purchase of stock or solicitation of proxies is not improper. *Feist v. Joseph Dixon Crucible Co.,* 30 *N.J.Super.* 153, 156–157 (App.Div.1954); *Western Pacific Indus., Inc. v. Liggett & Myers, Inc.,* 310 A.2d 669, 671 (Del.Ch.1973). An intent antagonistic towards present management is not evidential of bad faith or ulterior motive detrimental to the corporation itself. *Brown v. Central Home Trust Co.,* 129 *N.J.L.* 213 (Sup.Ct.1942).

Defendant's affidavits assert no hostile intent towards defendant nor other improper purpose in plaintiff's seeking access to the names, addresses and numbers of shares of other stockholders. As a 13% stockholder plaintiff enjoys the right to purchase stock and solicit proxies from other stockholders for the ultimate purpose of ousting present management and assuming management under Delmarmo. The record supports rather than rebuts plaintiff's proper purpose within *N.J.S.A.* 14A:5–28(3).

In its brief defendant relies on *Bruning v. Hoboken Printing & Pub. Co.*, 67 *N.J.L.* 119 (Sup.Ct.1902). But *Bruning*, applying *L.*1896, *c.* 185, § 33, a predecessor statute to *N.J.S.A.* 14A:5–28(3), recognized the unqualified statutory right of every stockholder to inspect the stockbook at all times during business hours. In *O'Hara v. National Biscuit Co.*, 69 *N.J.L.* 198, 200 (Sup.Ct.1903), that right was defined as a stockholder's with respect to his interests as a stockholder and germane to his status as such.

Based on the record, in the absence of any factual assertion by defendant sufficient, if proven, to establish plaintiff's bad faith or ulterior motive as a matter of law, we affirm the declaration and implementation of plaintiff's right of access as a 13% stockholder to defendant's stockholder list and by-laws.

Affirmed.