1 A.3d 834 (2010)
415 N.J. Super. 319
Mary E. CAIN and James D. Cain, Plaintiffs-Respondents,
v.
MERCK & CO., INC. f/k/a Schering-Plough Corporation, Defendant-Appellant.
Docket No. A-2138-08T2
Superior Court of New Jersey, Appellate Division.
Argued December 14, 2009.
Decided August 17, 2010.
*835 Douglas S. Eakeley argued the cause for appellant (Lowenstein Sandler, attorneys; Mr. Eakeley, of counsel and on the brief; Gavin J. Rooney and Monica Perrette, Roseland, on the brief).
Judy Scolnick argued the cause for respondents (Scott & Scott, L.L.P. and Beckwith & Wolf, L.L.P., attorneys; Carl Beckwith, Englewood, of counsel and on the brief; Ms. Scolnick, on the brief).
*836 Before Judges RODRÍGUEZ, REISNER and CHAMBERS.
The opinion of the court was delivered by
CHAMBERS, J.A.D.
In this appeal, we address whether the New Jersey Business Corporation Act, N.J.S.A. 14A:1-1 to 14A:16-4, entitles shareholders to inspect the minutes of the board of directors and the minutes of executive committees, and if so, the breadth of that right of inspection. Resolution of these questions centers on the proper construction of N.J.S.A. 14A:5-28(4) of the Act. In pertinent part, that statute allows shareholders, upon proof of a "proper purpose," to examine "the books and records of account, minutes, and record of shareholders of a corporation." N.J.S.A. 14A:5-28(4).
We are required to determine whether reference to "minutes" in this statute refers only to minutes of shareholder meetings or includes the minutes of the board of directors and the executive committee. We conclude that the qualified right of inspection under the statute extends to the minutes of the board of directors and the executive committee. However, the shareholders are entitled to examine only those portions of the minutes that address their "proper purpose." They are not entitled to examine the minutes in order to explore unsubstantiated allegations of general mismanagement.
The decision of the trial court is affirmed in part, reversed in part, and remanded.

I
Plaintiffs Mary E. Cain and James D. Cain are the owners of eleven shares of common stock of defendant Schering-Plough Corporation (Schering). Before bringing this action, plaintiffs filed a shareholder-derivative complaint in federal court against Schering, its board of directors and certain executive officers. In that suit, plaintiffs contended that defendants engaged in corporate mismanagement and wrongdoing in connection with the failure to make a timely disclosure of the results of a clinical trial of a cholesterol-lowering drug, known as the ENHANCE study, and they also asserted that certain individual defendants engaged in insider trading. Plaintiffs alleged breach of fiduciary duty, gross mismanagement, waste of corporate assets, and unjust enrichment. Defendants filed a motion to dismiss the federal complaint on the basis that plaintiffs had failed to plead futility of demand with the particularity required by the Federal Rule of Civil Procedure 23.1.
While that motion was pending in federal court, plaintiffs made a written demand on July 22, 2008, upon Schering to inspect certain books, minutes, and records of the company "germane to our interest as Shareholders to review the manner in which the Company is being managed." Plaintiffs' counsel's letter to defendant dated August 7, 2008, provided further clarification of the purpose for seeking the documents, alleging that Schering had engaged in wrongful conduct that harmed investors and others when it delayed "for twenty-one months the release of the results of the ENHANCE trial."
After Schering rejected the request, plaintiffs commenced this litigation in state court by way of verified complaint and order to show cause, seeking an injunction ordering Schering to give them access to certain books and records of the corporation. Plaintiffs contended that they had a "proper purpose" in seeking these documents based on their allegations that the corporation was being mismanaged. Schering moved to dismiss the complaint.
*837 On the return date of the order to show cause, plaintiffs clarified that the documents they were requesting were the minutes of the board of directors and the minutes of the executive committees from April 1, 2006 forward. April 2006 is when plaintiffs assert that the ENHANCE study ended.
The trial court denied Schering's motion to dismiss and granted plaintiffs' application for an examination of the minutes. The trial court concluded that N.J.S.A. 14A:5-28(4) allows shareholders who demonstrate a "proper purpose" to examine the minutes of the corporate board of directors and executive committee, and the court found that plaintiffs had come forward with a proper purpose to allow such an examination.
By order dated December 5, 2008, Schering was directed to provide to plaintiffs for inspection and copying "any non-privileged portions of the minutes of and any documents made part of the minute books for meetings of the Company's Board of Directors and Executive Committee for the period April 1, 2006 through October 2, 2008." This period represented the timespan from the date plaintiffs asserted the ENHANCE study ended in April 2006, until the return date of the order to show cause on October 2, 2008. Documents made part of the minute books were included in the inspection; those that were disseminated at the meetings but not included in the minute books were exempt. The court also required that any material in the minutes withheld due to a claim of privilege or work product had to be acknowledged in a log pursuant to Rule 4:10-2(e)(1). Notably, the court did not limit the inspection to documents related to the ENHANCE trials. The court directed that the minutes were to be treated as confidential and could only be used by plaintiffs in conjunction with the federal litigation. The order was stayed pending appeal.
Schering appeals from this ruling, raising two issues. First, Schering contends that N.J.S.A. 14A:5-28 does not permit shareholders to examine the minutes of a corporate board of directors or its executive committee. Second, Schering maintains that even if the statute does allow such examinations, those examinations are limited to documents relevant to the shareholder's proper purpose, in this case the allegations regarding the ENHANCE trials.[1]
In reviewing these questions of statutory interpretation, we owe no special deference to the views of the trial court. Our review is de novo on questions of law and the legal consequences that flow from the established facts. Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378, 658 A.2d 1230 (1995).

II
We first address the question of whether N.J.S.A. 14A:5-28 allows shareholders to inspect the minutes of the board of directors and of an executive committee. That statute provides as follows:
(1) Each corporation shall keep books and records of account and minutes of the proceedings of its shareholders, board and executive committee, if any. Unless otherwise provided in the bylaws, such books, records and minutes may be kept outside this State. The corporation shall keep at its principal *838 office, its registered office, or at the office of its transfer agent, a record or records containing the names and addresses of all shareholders, the number, class and series of shares held by each and the dates when they respectively became the owners of record thereof. Any of the foregoing books, minutes or records may be in written form or in any other form capable of being converted into readable form within a reasonable time. A corporation shall convert into readable form without charge any such records not in such form, upon the written request of any person entitled to inspect them.
(2) Upon the written request of any shareholder, the corporation shall mail to such shareholder its balance sheet as at the end of the preceding fiscal year, and its profit and loss and surplus statement for such fiscal year.
(3) Any person who shall have been a shareholder of record of a corporation for at least six months immediately preceding his demand, or any person holding, or so authorized in writing by the holders of, at least 5% of the outstanding shares of any class or series, upon at least five days' written demand shall have the right for any proper purpose to examine in person or by agent or attorney, during usual business hours, its minutes of the proceedings of its shareholders and record of shareholders and to make extracts therefrom, at the places where the same are kept pursuant to subsection [N.J.S.A.] 14A:5-28(1).
(4) Nothing herein contained shall impair the power of any court, upon proof by a shareholder of proper purpose, irrespective of the period of time during which the shareholder shall have been a shareholder of record, and irrespective of the number of shares held by him, to compel the production for examination by such shareholder of the books and records of account, minutes, and record of shareholders of a corporation. The court may, in its discretion prescribe any limitations or conditions with reference to the inspection, or award any other or further relief as the court may deem just and proper. The court may order books, documents and records, pertinent extracts therefrom, or duly authenticated copies thereof, to be brought within this State and kept in this State upon whatever terms and conditions as the order may prescribe. In any action for inspection the court may proceed summarily.
(5) Holders of voting trust certificates representing shares of the corporation shall be regarded as shareholders for the purpose of this section.
[N.J.S.A. 14A:5-28.]
The dispute in this case focuses on the construction of subsection (4), which allows shareholders, upon proof of a "proper purpose," to examine "the books and records of account, minutes, and record of shareholders of a corporation." N.J.S.A. 14A:5-28(4). Schering contends that "minutes" refers to the minutes of the shareholder meetings only. Plaintiffs give the term a broader reading and contend that it also includes the minutes of the board of directors and its executive committee.
When construing a statute, our aim is to ascertain the Legislature's intent. Marshall v. Klebanov, 188 N.J. 23, 36, 902 A.2d 873 (2006). When the language is clear and unambiguous, we enforce the statute as written. Middletown Twp. PBA Local 124 v. Twp. of Middletown, 193 N.J. 1, 12, 935 A.2d 516 (2007). However, when the parties present the court with two plausible interpretations, we may consider the legislative history and other extrinsic evidence to help resolve the meaning of the statutory language. Ibid.
*839 The statute in question, N.J.S.A. 14A:5-28, is part of the New Jersey Business Corporation Act passed in 1968, L. 1968, c. 350.[2] Prior to enactment of this statute, shareholders had the statutory right to examine the transfer books and the stock books only. N.J.S.A. 14:5-1 (repealed 1969). However, New Jersey common law recognized a qualified right of a stockholder to examine the books and records of the corporation where the request to inspect was made in good faith and for a purpose germane to the applicant's status as a stockholder. Siena v. Grand Lodge of N.J., Order Sons of Italy in Am., 11 N.J.Super. 507, 511, 78 A.2d 610 (App.Div. 1951); see also Pilat v. Broach Sys., Inc., 108 N.J.Super. 88, 95, 260 A.2d 13 (Law Div.1969) (stating the right to inspect was "only judicially accorded when the stockholder act[ed] in good faith and for a proper purpose"). The right was not limited to the stock transfer books, but, in appropriate circumstances, could extend to corporate books and records. Pilat v. Broach Sys., Inc., supra, 108 N.J.Super. at 94, 260 A.2d 13; Kemp v. Sloss-Sheffield Steel & Iron Co., 128 N.J.L. 322, 322, 26 A.2d 70 (Sup.Ct.1942); see also Streit v. Citizens Fire Ins. Co., 29 N.J.Eq. 21, 31 (Ch.1878) (noting in the context of a case involving an insurance company that the officers should have allowed any stockholder, upon proper application, to examine "the minutes of the meetings of the directors").
It was in the context of this state of the law that N.J.S.A. 14A:5-28 was enacted. The sentence at issue in this case, namely, the first sentence of subsection N.J.S.A. 14A:5-28(4), was modeled after section 46 of the Model Business Corporation Act as it existed in 1968. See Report of Corporation Law Revision Commission and Commissioners' Comments to Proposed Revision of the General Corporation Law of New Jersey, S.884 at 77 (June 20, 1968). This sentence has remained unchanged since enactment except that "the" was substituted for "said" in one place.[3]L. 1973, c. 366, § 19; L. 1988, c. 94 § 22. As part of the 1988 revision of the New Jersey Business Corporation Act,[4] the last three sentences in N.J.S.A. 14A:5-28(4) were added. They clarify that the court has the power to proceed summarily, to impose limitations and conditions on inspection and provide relief as it deems "just and proper," and to order "books, documents, and records" to be brought into the state. L. 1988, c. 94, § 22.
With this background in mind, we review the statute. Our analysis reveals the following structure. Subsection (1) requires that a corporation maintain "books and records of account and minutes of the *840 proceedings of its shareholders, board and executive committee, if any" and its record of shareholders. N.J.S.A. 14A:5-28(1). The reference to "board" means the board of directors. N.J.S.A. 14A:1-2.1(d). The reference to minutes is not limited to shareholder minutes, but includes minutes of the board and the executive committee. N.J.S.A. 14A:5-28(1). However, this section does not provide for shareholder rights of inspection, but rather deals only with the requirement that a corporation keep such records. Ibid.
Subsection (2) gives all shareholders, upon written request, the right to receive from the corporation a balance sheet and the "profit and loss and surplus statement" for the preceding fiscal year. N.J.S.A. 14A:5-28(2). The shareholders need not show a proper purpose to obtain these documents. Ibid.
Subsection (3) allows certain shareholders, based on their percentage of holdings or longevity as a shareholder, to examine "for any proper purpose" the corporation's "minutes of the proceedings of its shareholders" and its "record of shareholders." N.J.S.A. 14A:5-28(3). This subsection does not allow a shareholder access to the minutes of the board or the executive committee, or the corporate books and records of account, but is specifically limited to the minutes of shareholder proceedings and records of shareholders. Ibid. In an application under subsection (3), the burden of proof is on the corporation to show that the shareholder has an improper purpose. Delmarmo Assocs. v. N.J. Eng'g & Supply Co., 177 N.J.Super. 15, 18, 424 A.2d 847 (App.Div.1980).
Subsection (4), which is the subsection in dispute, acknowledges and continues the court's common law power to allow inspection of the specified corporate documents, stating in its opening sentence "[n]othing herein contained shall impair the power of any court, upon proof by a shareholder of proper purpose" to allow examination of "the books and records of account, minutes, and record of shareholders of a corporation." N.J.S.A. 14A:5-28(4); see 1-7 N.J. Corporations and Other Business Entities, § 7.06[6]. The 1988 amendments noted above further clarify the breadth of the court's power. L. 1988, c. 94, § 22.
Subsection (4) applies to all shareholders irrespective of the quantity of shares they hold or their longevity as a shareholder. N.J.S.A. 14A:5-28(4). Thus, a shareholder who is not qualified to inspect the record of shareholders or minutes of shareholder proceedings under subsection (3), N.J.S.A. 14A:5-28(3), may be able to do so under subsection (4), provided the shareholder can prove a "proper purpose" and meets the common law good faith requirement. N.J.S.A. 14A:5-28(4). However, unlike a shareholder under subsection (3), a shareholder proceeding under subsection (4) has the burden of proving a "proper purpose." Ibid.
Notably, the right to inspection preserved under subsection (4) is not limited to documents relating to shareholders as it is under subsection (3). Subsection (4) expressly preserves the court's power to allow a shareholder, "upon proof . . . of proper purpose," to examine "the books and records of account, minutes, and record of shareholders of a corporation." Ibid. The question presented in this appeal is whether this reference to "minutes" is limited to minutes of the proceedings of the shareholders or whether it also includes the minutes of the board and executive committee.
To resolve this question, we consider the use of the word "minutes" throughout N.J.S.A. 14A:5-28. Subsection (1) refers to three different types of minutes, those *841 of the shareholders, those of the board, and those of the executive committee, stating that the corporation must maintain the "minutes of the proceedings of its shareholders, board and executive committee, if any." N.J.S.A. 14A:5-28(1). In subsection (3), when referencing shareholder minutes, the statute specifically states "minutes of the proceedings of its shareholders." N.J.S.A. 14A:5-28(3). Significantly, that language is not used in subsection (4). Rather, subsection (4) merely states "minutes" without any qualification. N.J.S.A. 14A:5-28(4).
As a result, we construe the reference to "minutes" in subsection (4) to refer to the shareholder, board, and executive committee minutes referred to in subsection (1). In reaching this conclusion, we have followed the general rule of statutory construction that "`where the Legislature has carefully employed a term in one place and excluded it in another, it should not be implied where excluded.'" Alan J. Cornblatt, P.A. v. Barow, 153 N.J. 218, 234, 708 A.2d 401 (1998) (quoting GE Solid State, Inc. v. Dir., Div. of Taxation, 132 N.J. 298, 308, 625 A.2d 468 (1993)).

III
Schering contends that if we interpret the statute in plaintiffs' favor, then the trial court's order is too broad because it does not limit the disclosure to those portions of the minutes relating to plaintiffs' proper purpose, namely, the ENHANCE trial. Plaintiffs, on the other hand, contend that their proper purpose is not limited to the ENHANCE trial. Rather, plaintiffs argue that they are entitled to inspect Schering's books and records "to learn the depth and breadth of mismanagement" and that this is a "proper purpose" entitling them to the examination. Plaintiffs are mistaken. They are not entitled to conduct a fishing expedition based on general and unsupported allegations of mismanagement.
In reaching this conclusion, we have consulted Delaware law, which is helpful when analyzing corporate law questions. Lawson Mardon Wheaton, Inc. v. Smith, 160 N.J. 383, 398, 734 A.2d 738 (1999).[5] Delaware law accords a shareholder the right to inspect certain corporate records for a "proper purpose." Del. Code Ann. tit. 8, § 220. In its well-developed jurisprudence in this area, the Delaware courts require a shareholder who alleges as a proper purpose the need to investigate waste, mismanagement or wrongdoing, to present "`some evidence'" to establish "a `credible basis' from which [the court] can infer there is possible mismanagement that would warrant further investigation." Seinfeld v. Verizon Commc'ns Inc., 909 A.2d 117, 118, 123 (Del.2006).
Such a showing must be made "by a preponderance of the evidence" and "`may be satisfied by a credible showing, through documents, logic, testimony or otherwise, that there are legitimate issues of wrongdoing.'" Id. at 123 (quoting Sec. First Corp. v. U.S. Die Casting & Dev. Co., 687 A.2d 563, 568 (Del.1997)). Mere "suspicion" or "curiosity" is not enough. Id. at 118. "[A]n inspection to investigate possible wrongdoing where there is no `credible basis,' is a license for `fishing expeditions' and thus adverse to the interests of the corporation." Id. at 123 (quoting Sec. First Corp. v. U.S. Die Casting & Dev. Co., *842 supra, 687 A.2d at 571); see also W.E. Shipley, Annotation, Purposes For Which Stockholder or Officer May Exercise Right to Examine Corporate Books and Records, 15 A.L.R.2d 11, 16 (1951) (noting that at common law, a shareholder seeking to examine corporate books and records must demonstrate good faith and a proper purpose and is more likely to obtain relief if he presents "specific facts justifying the suspicion" of mismanagement or wrongdoing).
Under New Jersey common law, although a shareholder did not have to prove actual mismanagement before gaining access to the books and records, under the facts of the cases, a shareholder seeking to examine corporate books and records generally came forward with facts to substantiate the concern about mismanagement. See Kemp v. Sloss-Sheffield Steel & Iron Co., supra, 128 N.J.L. at 323-24, 26 A.2d 70 (allowing inspection of corporate documents where stockholders had evidence of suspicious accounting practices and questionable contractual arrangements); Vernam v. Scott, 12 N.J.Misc. 177, 181, 171 A. 171 (Sup.Ct.1934) (declining to allow examination of corporate books where the "application has the marks of a fishing expedition" with the intent of injuring the corporation). McMahon v. Dispatch Printing Co., 101 N.J.L. 470, 472-73, 129 A. 425 (Sup.Ct. 1925) (denying stockholder's request to inspect corporate books because stockholder was not acting in good faith and there was "an utter absence of any proof that the affairs of the company has been or is mismanaged").
The requirement that the stockholder come forward with specific and supported, credible allegations of mismanagement before allowing an inspection recognizes the burden such requests place upon a corporation, including large international corporations. In an early case denying a stockholder's request for inspection of records in order to explore an unsupported allegation of mismanagement against a corporation with an international business, the former Supreme Court wrote:
The fact that [plaintiff's] holdings of stock are small compared with the whole amount outstanding is of course of no importance. It is the duty of the courts in a proper case to protect minority stockholders, but the power to order an inspection of books is so great, its exercise may affect unfavorably so many innocent stockholders, and may cause such inconvenience or perhaps such ruinous results to a corporation whose operations are so extensive in two continents that the court ought to exercise the power with the greatest care and only when a case is presented which indicates not only a bona fide desire to safeguard the interests of all stockholders but a probability that the interests of all will be served by the proposed investigation. [In re De Vengoechea, 86 N.J.L. 35, 37, 91 A. 314 (Sup.Ct.1914).]
We conclude that unsupported allegations of mismanagement do not present a "proper purpose" entitling a shareholder to examine corporate documents.
In the record before us, plaintiffs rely on the general allegations of mismanagement in their state and federal complaints to support their claims that they have a proper purpose for this broad disclosure of the minutes. They have provided no evidence to show that these allegations are credible. However, while recognizing plaintiffs' more limited proper purpose in seeking documents related to the ENHANCE trials, Schering maintains that the inspection allowed by the trial court exceeds that necessary to further this proper purpose. We agree.
*843 The scope of records a shareholder may examine under subsection (4) is limited to those identified in the statute which are pertinent to the shareholder's proper purpose for the investigation. Any other rule would further a "fishing expedition" with the attendant unnecessary costs and potential harm to the corporation. As the Delaware Supreme Court has recognized, when allowing an inspection for a proper purpose, the court must "tailor the inspection to the stockholder's stated purpose." Sec. First Corp. v. U.S. Die Casting & Dev. Co., supra, 687 A.2d at 569; see also Debra T. Landis, Annotation, What Corporate Documents are Subject to Shareholder's Right to Inspection, 88 A.L.R.3d 663, 667 (1978). The shareholder has "the burden of proving that each category of books and records is essential to the accomplishment of the stockholder's articulated purpose for the inspection." Sec. First Corp. v. U.S. Die Casting & Dev. Co., supra, 687 A.2d at 569. The court's order should be "circumscribed with rifled precision" and should not be confused with an order providing discovery in litigation. Id. at 570.
The New Jersey Legislature has expressly recognized the court's power to circumscribe the scope of inspection, stating that "[t]he court may, in its discretion prescribe any limitations or conditions with reference to the inspection, or award any other or further relief as the court may deem just and proper." N.J.S.A. 14A:5-28(4). In this case, the order issued by the trial court should have been circumscribed by plaintiffs' proper purpose conceded by Schering, namely, the ENHANCE trial. We conclude that Schering need produce for examination only those portions of its board minutes and executive committee minutes from April 2006 to October 2008, that deal with the ENHANCE trial.
Affirmed in part; reversed in part; remanded for amendment of the order in conformity with this opinion.
NOTES
[1] After oral arguments, the attorneys advised this court of a recent Delaware decision, King v. VeriFone Holdings, Inc., 994 A.2d 354 (Del. Ch.2010). We do not address the issue raised in that case because, although partially raised in the trial court, the issue was not briefed before us. See Pressler, Current N.J. Court Rules, comment 4 on R. 2:6-2 (2010).
[2] The New Jersey Business Corporation Act, the first comprehensive revision of New Jersey's corporate law statute since 1875, was the result of the efforts of the New Jersey Corporation Law Revision Commission. Report of Corporation Law Revision Commission and Commissioners' Comments to Proposed Revision of the General Corporation Law of New Jersey, S.884 at 77 (June 20, 1968) ("Commission Report"); Public Hearing on S.884 Before the Senate Committee on Revision and Amendment of Laws, 1 (September 30, 1968) (statement of Alan v. Lowenstein, Chairman, Commission on the Revision of the Corporation Laws) ("Lowenstein Statement"). The revision was designed to modernize New Jersey's corporate statutory law in order to attract and keep corporations in the state and to protect shareholder, creditors, and the general public. Commission Report, supra, at v; Lowenstein Statement, supra, at 3.
[3] New Jersey has not adopted later versions of this section of the Model Business Corporation Act. Compare Model Bus. Corp. Act § 16.02 (2007), with N.J.S.A. 14A:5-28(4).
[4] The statute also underwent some amendments in 1973, which are not relevant to the issues before this court. L. 1973, c. 366 § 19.
[5] In doing so, we do not suggest that the law in the two states is coterminous and note that the structure, language, and breadth of the statutes are different. Del.Code Ann. tit. 8, § 220; N.J.S.A. 14A:5-28. However, both statutes utilize the "proper purpose" standard. Del.Code Ann. tit. 8, § 220; N.J.S.A. 14A:5-28(4).