63718. MORALES et al. v. SEVANANDA, INC. et al.[1]

POPE, Judge.

Appellants are three members of the seven-member board of

---

[1] In its earlier appearance before this court, this case was determined to be in the nature of an action seeking relief by quo warranto and was transferred to the Supreme Court. *Morales v. Sevananda, Inc.*, 160 Ga. App. 92 (286 SE2d 327) (1981). However, since the complaint has no prayer for quo warranto and the briefs make no mention of quo warranto, the case was transferred back to this court. *Morales v. Sevananda, Inc.*, 248 Ga. 557 (289 SE2d 246) (1981).

directors of Sevananda, Inc., a nonprofit Georgia corporation. Under the original articles of incorporation each director was elected by the board and served for life but could resign his position at any time or could be removed at any time, with or without cause, by a two-thirds vote of the entire board. A philosophical dispute arose between the three appellants and the four other board members, appellees herein. As a result of this controversy the four appellees, constituting a majority of the board, voted to amend the articles of incorporation. One of the amendments stated that the number of directors and the duties and responsibilities of the board would be set out in the bylaws. The bylaws propounded for this purpose provided for the election of an expanded nine-member board of directors to be elected by the entire membership of the corporation to serve staggered three-year terms. Elections were held in April, 1979 and nine new directors were elected to the board.

The three appellant members of the pre-amendment board of directors filed this action against appellee corporation and the four other members who comprised the pre-amendment board. The complaint sought to have the amended articles of incorporation, and bylaws promulgated thereunder, declared void. The complaint also sought to have appellants reinstated as directors on the board of Sevananda. The trial court granted appellants' motion for summary judgment, declaring the April, 1979 election to be null and void and reinstating appellants as directors of Sevananda on the basis that the amended articles of incorporation had not been filed with the Secretary of State at the time of the election.

The trial court also ruled that the pre-amendment board of directors had the right to amend the articles of incorporation by majority vote. The court declared that the corporation, upon filing the amended articles with the Secretary of State, could proceed in accordance with those amended articles and require an election for the board of directors in accordance therewith. Appellants bring this appeal challenging the trial court's ruling that the corporation could require an election for the board of directors in accordance with the amended articles of incorporation, which have now been filed with the Secretary of State. The amended articles make no provision for the retention of a director who had been serving a term on the board for life under the pre-amendment articles.

Appellants contend that they, as original directors of the board of Sevananda, have a vested right to remain as directors for life or until removed by a two-thirds vote of the entire board. In support of their contention appellants cite Code Ann. § 22-906 (b) (adopted as part of the Georgia Nonprofit Corporation Code by Code Ann. § 22-2805) which provides: "No amendment [to the articles of

incorporation] shall affect any existing cause of action in favor of or against such corporation, or any pending suit to which such corporation shall be a party, *or the existing rights of persons other than [members]. . . ."* (Emphasis supplied.)

"The essence of a vested right is fixity; rights are vested only when they are fixed, unalterable or irrevocable." Miller v. Johnstown Traction Co., 167 Pa. Super. 421, 428 (74 A2d 508) (1950). Code Ann. § 22-2801 provides: "A [nonprofit] corporation may amend its articles of incorporation, from time to time, in any and as many respects as may be desired, so long as the amendment contains only such provisions as might be lawfully contained in original articles of incorporation at the time of making such amendment." Appellants concede that the amendments in this case were authorized by statute. See also Code Ann. § 22-2802 (a)(2). Indeed, this statutory right to amend its articles of incorporation would be meaningless if a corporation such as Sevananda were unalterably bound by the provisions of its original articles of incorporation. When Sevananda adopted its articles of incorporation, it did not surrender its right to amend the same at any time. Therefore, appellants, as members of Sevananda, had no vested right in any provision of the original articles of incorporation, in the sense that a continuance thereof could be demanded, although any rights accruing thereunder were protected up to the time of amendment. I.e., so long as the original articles of incorporation relating to the board of directors remained unchanged, appellants could be removed from office, with or without cause, only by a two-thirds vote of the entire board. This right, however, did not preclude a majority of the board from amending the articles of incorporation so as to entirely restructure the board of directors and eliminate the lifetime directorships. Cf. *City of Atlanta v. Mahony,* 162 Ga. App. 5 (289 SE2d 250) (1982); Crank v. McLaughlin, 125 W. Va. 126 (23 SE2d 56) (1942).

Appellants also rely on Abberger v. Kulp, 156 Misc. 210 (281 NYS 373) (1935), and its progeny. The New York court held that a corporate director may not be removed during his term of office except for cause, unless at the time of his election there existed some provision in the bylaws or the articles of incorporation for the removal of a director without cause. If such a provision existed, then the director took office subject thereto. The cases cited by appellants are distinguishable from the case at bar in that they address the issue of whether a corporate director may be removed from office in a manner provided in an amendment to the articles of incorporation or bylaws adopted subsequent to his having taken office. Although effecting the removal of appellants from their directorships, the amendment in this case restructured the entire board of directors and

radically altered the manner in which directors are selected, not simply the manner in which directors may be removed from the board.

The trial court correctly ruled that Sevananda, upon filing the amended articles of incorporation with the Secretary of State, could proceed in accordance therewith.

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED JULY 7, 1982.

*Mary E. Mann,* for appellants.
*John F. Sweet,* for appellees.