65941. E. F. HUTTON & COMPANY, INC. v. WEEKS.

BANKE, Judge.

In August of 1979, the plaintiff sued E. F. Hutton & Co., Inc., in trover to recover certain securities which he had purchased for cash several years earlier and which Hutton was holding in his brokerage account. Hutton counterclaimed to recover an alleged interest indebtedness. The case was originally tried in 1981, at which time the jury awarded the plaintiff possession of the stock, general damages in the amount of $45,000, punitive damages in the amount of $100,000, and attorney fees in the amount of $10,750. The stock was returned to the plaintiff pursuant to a court order based on this verdict; however,

the trial court subsequently granted Hutton's motion for new trial on the ground that general damages could not properly be awarded in addition to the return of the stock itself. With possession of the stock remaining in the plaintiff, the case was tried again in 1982, and he was again awarded $100,000 in punitive damages, along with attorney fees in the amount of $38,487.29. Hutton filed this appeal from the denial of its motion for judgment notwithstanding the verdict or, in the alternative, for a new trial.

The salient facts, construed in support of the verdict, may be summarized as follows. In 1967, the plaintiff opened an account with the securities brokerage firm of Hayden Stone, Inc. That firm subsequently sought to recover from him an alleged $80,000 overpayment. While this claim was pending, Hayden sold its brokerage business to a firm known as Walston & Co. In March of 1971, the plaintiff reached an agreement with Walston & Co. whereby Walston sold some $150,000 worth of his stock, retained approximately $81,000 of the proceeds to satisfy the overpayment, and sent him a check for the remainder. While this transaction satisfied the original indebtedness, it did not eliminate approximately $14,000 in interest charges which has accrued on the debt. According to the plaintiff, part of his agreement with Walston & Co. was that these interest charges would be eliminated and that he would not be held responsible for them. However, Walston continued to show the amount as a debit balance in his account and continued to charge additional interest on it.

In 1973, Walston & Co. was acquired by the firm of duPont Glore Forgan, Inc., which subsequently became known as duPont Walston, Inc. In February of 1974, the duPont Walston office holding the plaintiff's account was acquired by E. F. Hutton. Hutton obtained the stocks being held in the account and also purchased the debit balance, which by that time totalled $17,274.85. This $17,274.85 debit balance was shown on the first monthly statement sent to the plaintiff by Hutton.

The plaintiff testified that beginning in 1974 he made repeated demands on Hutton for his stock but that Hutton put him off with assurances that the stock would be returned as soon as the confusion regarding the debit balance could be investigated and straightened out. Originally, Hutton appropriated the dividends it received on the stocks and applied them against the alleged indebtedness; however, in early 1975, the plaintiff requested that Hutton begin sending the dividends to him, and Hutton complied. Hutton's primary contention on appeal is that by the time the plaintiff filed suit in 1979, the claim was barred by the 4-year statute of limitations applicable to actions to recover personal property. See OCGA § 9-3-32 (former

Code Ann. § 3-1003). *Held:*

1. "A cash customer, as distinguished from one who has purchased stock on margin, is entitled to the delivery of stock purchased for him, and in the absence of an agreement or instructions to the contrary, the broker undertakes and agrees to deliver the stock to the customer either immediately or in such time as is necessary to effectuate the transfer and is reasonable under the circumstances ... If a broker refuses to make delivery upon demand ... he is liable for conversion." 12 AmJur2d 875-876, Brokers, § 133.

The broker's duty to account to its customer is fiduciary in nature, resulting in an obligation to exercise the utmost good faith. Cf. *Scott v. Lumpkin,* 153 Ga. App. 17 (1) (264 SE2d 514) (1980); *Williams v. Moore-Gaunt Co.,* 3 Ga. App. 756, 760 (60 SE 372) (1907). Whenever a fiduciary is in possession of property belonging to his principal, the latter will not be prevented by lapse of time from asserting his right to recover the property, so long as the fiduciary continues to recognize the principal's ownership. In such a situation, "before any lapse of time will be a bar to the owner it must appear that the person in possession has given notice, or there must be circumstances shown which would be equivalent to notice to the owner that the person in possession claims adversely to him; and ... until the owner has such notice he has the right to treat the possession of the other person as his own." *Reynolds v. Dorsey,* 188 Ga. 218, 221 (3 SE2d 564) (1939).

Although the plaintiff first requested the return of his stocks from Hutton more than four years prior to filing suit, and although these requests went unheeded, Hutton consistently acknowledged the plaintiff's ownership during this period by showing the stocks as his on periodic account statements sent to him and by allowing him to vote the stock and receive the dividends. Clearly, Hutton asserted no adverse ownership interest in the stocks but merely withheld possession as leverage to collect the plaintiff's alleged interest indebtedness. Under these circumstances, the suit was not barred by the statute of limitations.

2. Hutton contends that it was prejudiced by the following instruction given to the jury prior to opening statements of counsel: "As a result of the activity in this case prior to today, the nature of which need not concern you, [the plaintiff] is in possession of the stocks as a result of a prior court order. Consequently, as this trial begins, [the plaintiff] now has possession of the stocks. So, the issue of the possession of the stocks at this time is no longer an issue in this case."

We cannot agree that the effect of this charge was to instruct the jury that the issue of the right of possession of the stocks between

1974 and 1979 had already been decided in favor of the plaintiff, for immediately after giving the instruction the trial court continued as follows: "As the jury impaneled to try this case, you will not be concerned with the question of possession at this time. However, the issue of right to possession of the stock in the 1974-1979 period has not been resolved, and is still before you." Taken as a whole, the charge was not misleading but was an appropriate explanation for the plaintiff's current possession of the stocks. This enumeration of error is without merit.

3. Hutton's final contention is that the trial court erred in denying its motion for mistrial after plaintiff's counsel made reference during closing argument to Hutton's financial resources. These references were based on evidence admitted without objection. In response to the motion for mistrial, the trial court, as part of its final charge to the jury, gave the following instruction: "I charge you that, if you believe that the plaintiff is entitled to punitive damages, you are to disregard any testimony or argument by counsel as to the worldly circumstances of the defendant and give no consideration or weight as to statements of the worth of E. F. Hutton in your determination of the amount of punitive damages, if any, to award plaintiff." See generally *Hodges v. Youmans,* 129 Ga. App. 481 (8), 486 (200 SE2d 157) (1973). Hutton consented to the delay in giving this curative instruction and did not subsequently renew its motion for mistrial. Under these circumstances, the motion must be deemed waived. See generally *Kendrick v. Kendrick,* 218 Ga. 460 (4) (128 SE2d 496) (1962); *Saxon v. Toland,* 114 Ga. App. 805 (4) (152 SE2d 702) (1966).

*Judgment affirmed. Deen, P. J., and Carley, J., concur.*

DECIDED APRIL 7, 1983 —
REHEARING DENIED APRIL 29, 1983 —

*Paul W. Stivers, Janice E. Garlitz,* for appellant.
*James Garland Peek,* for appellee.