77021. CENTENNIAL INSURANCE COMPANY v. SANDNER, INC. et al.

(387 SE2d 443)

SOGNIER, Judge.

In *Sandner, Inc. v. Centennial Ins. Co.*, 189 Ga. App. 277 (375 SE2d 611) (1988) this court issued an opinion addressing both an appeal and a cross-appeal. The Georgia Supreme Court granted certiorari only as to our holding in the cross-appeal, and in *Centennial Ins. Co. v. Sandner, Inc.*, 259 Ga. 317 (380 SE2d 704) (1989), reversed only that part of the cross-appeal in Division 3 of our opinion, in which we deemed it unnecessary to consider two issues raised in the cross-appeal on the ground that the party involved, BMF, was not an appellant. Accordingly, our judgment as to Division 3 in *Sandner*, supra, is vacated, the judgment of the Supreme Court is made the judgment of this court, and we now address the remaining issues raised in the cross-appeal. The facts in this case are set forth fully in our original opinion and will not be repeated here.

1. Centennial contends the trial court erred by denying its motion for summary judgment against BMF. We agree and reverse.

(a) BMF alleged claims against Centennial for contribution, contractual indemnification, and breach of the good faith duty owed from principal to agent. Because this court has decided that Centennial is not liable to Sandner for negligence, see *Sandner*, supra at 280-281 (2), it follows that, as a matter of law, Centennial is not a joint tortfeasor, and therefore BMF has no claim against Centennial for contribution. See generally OCGA § 51-12-32.

(b) BMF's claim against Centennial for contractual indemnity is based on a provision in the Agency Agreement which provides, in pertinent part, that "[Centennial] will defend and indemnify [BMF] against *liability . . . imposed on [BMF] by law for damages sustained and caused by acts or omissions of [Centennial]*, provided [BMF] has not caused or contributed to such liability by [its] own acts or omissions." (Emphasis supplied.) Because BMF was dismissed below by Sandner, no liability has been "imposed on [BMF] by law," and because all claims have been decided against Sandner and in favor of Centennial, BMF has not sustained "damages . . . caused by acts or omissions of [Centennial]." Thus the conditions precedent for recovery under the contractual indemnification provision have not been met, and BMF's claim against Centennial for contractual indemnity must also fail.

(c) We find no support for BMF's claim of a specific "duty of good faith" owed to it by Centennial. OCGA § 10-6-1 et seq., covering agency relationships, provides for no such duty, nor have we found any such duty delineated in case law. Moreover, even assuming, arguendo, that such a duty exists, we find no action on Centennial's part

which would constitute a breach. Because Hoberg's letter to Sandner did not constitute a commitment to provide retroactive insurance coverage, see *Sandner*, supra at 279, Centennial's denial of such coverage did not negate Hoberg's apparent authority in this regard.

"Summary judgment is appropriate where the moving party shows he is entitled to judgment as a matter of law and there is no genuine issue as to any material fact. [Cit.]" *My Fair Lady of Ga. v. Harris*, 185 Ga. App. 459, 460 (364 SE2d 580) (1988). Because no factual disputes exist and we have found all three of BMF's claims insupportable as a matter of law, we find the trial court erred by denying Centennial's motion for summary judgment against BMF. See generally *West End Investments v. Hills*, 188 Ga. App. 274, 277 (372 SE2d 665) (1988).

2. Our decision in Division 1 reversing the trial court's denial of Centennial's motion for summary judgment renders it unnecessary that we consider Centennial's remaining enumeration of error.

*Judgment reversed. Carley, C. J., Deen, P. J., McMurray, P. J., Banke, P. J., Birdsong, Pope, Benham and Beasley, JJ., concur.*

DECIDED OCTOBER 20, 1989.

*Kilpatrick & Cody, Robert E. Shields, Thomas H. Christopher, David P. Phippen*, for appellant.
*Neely & Player, John W. Winborne III*, for appellees.