A90A1513. FLOURNOY v. AKRIDGE et al.
(400 SE2d 649)

COOPER, Judge.

Appellant, a state employee with the Department of Community Affairs (the "Department"), was terminated from his position in 1985. Appellant had worked in the Department since 1982 and had been a state employee for over ten years. Upon his termination, appellant filed a complaint with the State Personnel Board. After a hearing before a hearing officer at which witnesses testified for both appellant and appellees, the hearing officer made extensive findings of fact and conclusions of law and determined that there was sufficient cause for the dismissal of appellant under the rules of the State Personnel Board. The State Personnel Board upheld the decision of the hearing officer and adopted the officer's findings and conclusions. Appellant

did not appeal the officer's or the Board's decisions to the superior court, but thereafter filed this civil suit in superior court alleging violations of 42 USC § 1981 and 42 USC § 1983 and Title VII of the Civil Rights Act. The appellees' first motion for summary judgment was granted by the trial court, on the grounds that state courts did not have jurisdiction over the claims. This court affirmed the judgment on the Title VII claims and reversed as to the 1981 and 1983 claims. *Flournoy v. Akridge*, 189 Ga. App. 351 (375 SE2d 479) (1988). In the trial court, appellant has pursued only his Section 1983 claims against appellees as individuals, alleging that he was terminated because of his race, his apolitical status and the exercise of his First Amendment rights to freedom of speech. Appellees again moved for summary judgment and the trial court again granted appellees' motion on the freedom of speech issue only, finding that the employer's interests in performing public services outweighed the appellant's speech interests and that the appellees were protected from suit under the qualified good faith immunity applicable to government officials performing discretionary functions. In support of their second motion for summary judgment, appellees submitted a Statement of Material Undisputed Facts which incorporated by reference portions of the Statement of Material Undisputed Facts which appellees had submitted with their first motion for summary judgment. These portions merely set forth, as exhibits to the Statement, the decisions of the hearing officer and the State Personnel Board, and do not contain an independent recitation of the facts. In connection with the first motion for summary judgment, appellant filed a Response to appellees' Statement of Material Undisputed Facts in which appellant did not dispute the facts as stated by appellees. However, in connection with the second motion for summary judgment, appellant submitted an affidavit in which he denied significant factual assertions of appellees and denied several of the significant findings of fact made by the hearing officer as to the manner in which appellant communicated with his supervisors and the substance of that communication. It is the second grant of summary judgment on the free speech issues that is before us on appeal and for the reasons stated herein, we reverse.

1. Appellant first asserts that the trial court erred in making findings of fact based on the record in the case when appellant disputed the factual findings of the hearing officer as to the manner in which he communicated with his supervisors. Appellant therefore asserts that there are material facts in dispute and the grant of summary judgment was in error. We agree with appellant's contentions. " 'Summary judgment is appropriate where the moving party shows he is entitled to judgment as a matter of law *and there is no genuine issue as to any material fact.*' [Cit.]" (Emphasis supplied.) *Centennial Ins. Co. v. Sandner, Inc.*, 193 Ga. App. 253 (1c), 254 (387 SE2d 443)

(1989). Contrary to appellees' assertions, the facts in the instant case are not undisputed. Appellant's response to appellees' first Statement of Material Undisputed Facts is not an admission of any of the substantive facts as found by the hearing officer, but merely acknowledges that the exhibits attached to the statement are in fact the decisions rendered. The affidavit submitted by appellant in response to appellees' second motion for summary judgment clearly disputes the facts as asserted by appellees, and the only support appellees submit for their motion is the hearing officer's decision. The hearing officer was entertaining a state administrative claim and the case before us is based upon an entirely separate cause of action grounded in the federal statute. The factfinding process in the administrative procedure was geared toward proof of the elements of the administrative cause of action and was not necessarily the same factfinding process necessary to a full and proper litigation of appellant's Section 1983 claims. Therefore, we determine that we are not bound to accept the hearing officer's findings of fact as undisputed, and in light of the opposing affidavit submitted by appellant, we conclude that appellees have not met their burden on the motion for summary judgment.

We are aware that in a different context, involving a different combination of forums, a federal court will give preclusive effect to state administrative findings in a Section 1983 action brought in federal court, when those findings have been affirmed by the state courts under the "any evidence" standard. See *Gorin v. Osborne*, 756 F2d 834 (11th Cir. 1985). In the instant case, our state courts have not had the opportunity to review the hearing officer's findings on direct appeal, and in the absence of such review, we do not find this federal precedent persuasive. Further, we do not feel that our conclusion is in conflict with the United States Supreme Court decision of *University of Tennessee v. Elliott*, 478 U. S. 788 (106 SC 3220, 92 LE2d 635) (1986) in which the court held that federal courts must give an administrative agency's factfinding the same preclusive effect that it would be given in the state's courts when the agency is " 'acting in a judicial capacity [and] resolves disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate. . . .' [Cit.]" Id. at 799. First, the instant case does not involve the relationship between federal and state courts. Secondly, as we have previously stated, the factfinding process in a Section 1983 action is unique to the cause of action such that the appellant did not have the opportunity to litigate necessary facts and issues to that claim in an administrative hearing geared toward an entirely separate cause of action.

2. We find a genuine issue of material fact in this case and reverse the grant of summary judgment to appellees. Consequently, it is unnecessary for us to review the remaining legal arguments of appel-

lant.

*Judgment reversed. Banke, P. J., concurs. Birdsong, J., concurs in judgment only.*

DECIDED NOVEMBER 26, 1990 —
REHEARING DENIED DECEMBER 13, 1990 —

*Rumsey & Ramsey, Penelope W. Rumsey*, for appellant.
*Michael J. Bowers, Attorney General, George P. Shingler, Senior Assistant Attorney General*, for appellees.