## A91A0451. MINOR v. E. F. HUTTON & COMPANY, INC.
(409 SE2d 262)

COOPER, Judge.

On October 19, 1987, sometimes referred to as "Black Monday," appellant, a physician and an experienced stock market trader, suffered a series of losses in the commodities market which resulted in a deficit in his account with appellee. After appellant refused to pay the account balance, appellee filed suit against appellant seeking to recover the account deficit of $13,334. Appellant counterclaimed for losses in the stock market allegedly incurred as a result of appellee's misrepresentations and breach of fiduciary duty. Appellee moved for summary judgment on the complaint and counterclaim; however, a ruling on the motion was deferred until the case went to non-binding arbitration in accordance with Local Rule 1000. The arbitration panel ruled in favor of appellee and awarded appellee the sum of $12,323.18. Appellant appealed the award to the trial court, and appellee's pending motion for summary judgment was argued. The trial court granted summary judgment to appellee on the complaint and counterclaim, ruling that appellant's failure to object in writing to his

account statements within five days after their receipt, as required by the terms of the client account agreement entered into between appellant and appellee, resulted in appellant being bound by the summaries contained in the statements. The trial court entered judgment against appellant in the amount of $12,323.18 and dismissed appellant's counterclaim.

1. Relying on *Smithloff v. Benson*, 173 Ga. App. 870 (328 SE2d 759) (1985), appellant argues that the trial court erred in granting summary judgment to appellee because appellee, by its actions and words, led appellant to believe that a written objection to the account statements would not be required. However, this argument appears not to have been raised in the trial court and may not be considered for the first time on appeal. *Noro-North Plaza &c. v. Rare Coins of Ga.*, 196 Ga. App. 443 (1) (395 SE2d 918) (1990).

2. Appellant also contends that the affidavit of Henry Herschaft, submitted by appellee in support of its motion for summary judgment, was insufficient as a matter of law to support a judgment in the amount of $12,323.18. We disagree. "Appellee presented the sworn statement of its [Divisional Futures Director, Henry Herschaft], setting forth the amount it claimed was due which, together with attached statements of account that were admissible as business records pursuant to OCGA § 24-3-14, pierced the general denial in appellant's answer. [Cit.]" *International Business Consulting v. First Union Nat. Bank of Ga.*, 192 Ga. App. 742, 743 (386 SE2d 400) (1989). Moreover, OCGA § 9-11-56 (c) provides that summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. . . ." " ' "(T)he court is obliged to take account of the entire setting of the case on a Rule 56 motion. In addition to the pleadings, it will consider *all papers of record*, as well as any material prepared for the motion that meets the standard prescribed in Rule 56 (e)." (Cit.)' [Cit.]" *Nelson v. Smothers*, 164 Ga. App. 112, 113 (296 SE2d 414) (1982). In the present case, we have examined the record before us, particularly the account summaries, the affidavit of Henry Herschaft and his testimony at the arbitration proceedings, and conclude that sufficient evidence existed to support a judgment against appellant in the amount of $12,323.18.

3. Appellant argues that the trial court erred in granting summary judgment to appellee on appellant's counterclaim, which sought damages for appellant's losses in the stock market allegedly incurred because of appellee's failure to disclose that the stock market was in a "state of panic" and because appellee had induced appellant to make trades that he would not have otherwise made if he had known that

appellee had ordered its brokers to liquidate all margin accounts.

A stock broker's duty to account to its customer is fiduciary in nature, so that the broker is obligated to exercise the utmost good faith. *E. F. Hutton & Co. v. Weeks,* 166 Ga. App. 443 (1) (304 SE2d 420) (1983). " 'Requirements of good faith demand that in the principal's interest it is the agent's duty to make known to the principal all material facts which concern the transactions and subject matter of his agency.' [Cit.]" *Spratlin, Harrington & Thomas v. Hawn,* 116 Ga. App. 175 (2) (156 SE2d 402) (1967). Viewing the evidence in favor of appellant, the non-movant, we fail to find any evidence which would support appellant's claim that appellee failed to exercise good faith in the handling of appellant's account or failed to make known to appellant any material fact during the time period at issue. To the contrary, the record indicates that appellant was personally aware of the state of the stock market on October 19, 1987, having been in appellee's office part of the day, and carefully followed the market for the remainder of the day. Furthermore, the record fails to reveal any evidence which would support appellant's claim that appellee induced appellant to liquidate his margin account or made any unauthorized trades in his account. " 'Summary judgment is appropriate where the moving party shows he is entitled to judgment as a matter of law and there is no genuine issue as to any material fact. (Cit.)' [Cit.]" *Centennial Ins. Co. v. Sandner, Inc.,* 193 Ga. App. 253 (1) (c) (387 SE2d 443) (1989). Accordingly, the trial court did not err in granting summary judgment to appellee.

*Judgment affirmed. Birdsong, P. J., and Pope, J., concur.*

DECIDED JULY 8, 1991 —
RECONSIDERATION DENIED JULY 25, 1991.

*Swertfeger & Scott, Stanley E. Kreimer, Jr.,* for appellant.
*Parker, Hudson, Rainer & Dobbs, Jamie M. Brownlee-Jordan, G. Wayne Hillis, Jr.,* for appellee.

