## A94A1323. FRANCIS v. REYNOLDS.
(450 SE2d 876)

Pope, Chief Judge.

This is a medical (dental) malpractice action filed by plaintiff Dorothy Francis against Terry J. Reynolds, D.D.S. The jury returned a verdict for defendant, and plaintiff appeals.

In her sole enumeration of error, plaintiff contends the trial court erred in denying her motions to stay and continue the trial of this case pending the outcome of hearings conducted by the Georgia Board of Dentistry (Board) concerning defendant's treatment of plaintiff and two other patients so that the Board's findings could have been admitted into evidence during the trial of plaintiff's medical malpractice case.

The standard of review for denial of the stay is whether the trial court abused its discretion. " ' " ' (T)he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.' (Cits.)" [Cits.]' " *Roberts v. Collins*, 199 Ga. App. 614 (3) (405 SE2d 508) (1991). Additionally, "[i]t is well established that all continuances for which express provision has not been made are granted or denied in the discretion of the trial court, and this court will not reverse such decisions absent a clear abuse of discretion." *Payton v. Green*, 179 Ga. App. 438, 439 (346 SE2d 884) (1986). OCGA § 9-10-167.

At the heart of this case is the question of the admissibility of the findings of the Board. Clearly, there can be no abuse of discretion in denying plaintiff's requests for a stay if the findings of the Board would not have been admissible even if they had been available at the time of trial. Although this issue appears to be one of first impression in this state, a close look at plaintiff's arguments in support of admissibility leads us to conclude that these arguments must fail.

Plaintiff contends, in essence, that the Board, which is composed primarily of dentists, is more qualified than a jury to determine whether defendant's treatment of her fell below an "acceptable" standard of care. This may be true; however, in a civil trial, it is the jury who must determine whether plaintiff has shown by a preponderance of the evidence that defendant's treatment of her fell below the applicable standard of care. Treating the Board's findings as outcome determinative on this issue would be tantamount to relieving plaintiff of this burden of proof at trial and would impermissibly invade the province of the jury as the sole arbitrator of disputed or contested facts. See *Flournoy v. Akridge*, 198 Ga. App. 86 (400 SE2d 649) (1990) (wherein we held that the findings by administrative tribunals

should not be conclusive in subsequent civil litigation).

Moreover, we do not think this harm could be cured even if the jury was instructed that it was free to reject the findings of the Board on the standard of care issue. At a minimum the jury would give the Board's findings the same weight as it would that of testimony offered by expert witnesses. This would clearly be prejudicial to defendant, who would have no opportunity to cross-examine the members of the Board as it would other experts testifying at trial.[1]

*Judgment affirmed. McMurray, P. J., and Smith, J., concur.*

DECIDED DECEMBER 2, 1994.

*Moffett & Henderson, John W. Henderson, Jr., D. Kevin Wheeler, Belcher, Pakchar & Sams, Henry B. Sams,* for appellant.

*Webb, Carlock, Copeland, Semler & Stair, Douglas W. Smith, Paul R. Vancil, James T. Brieske,* for appellee.

---

[1] There are additional reasons for holding that the Dental Board's findings should be inadmissible in this civil trial. Other courts have held that license revocation proceedings in Georgia are in the nature of criminal proceedings, *Wall v. American Optometric Assn.,* 379 FSupp. 175, 184, aff'd *Wall v. Hardwick,* 419 U. S. 888 (95 SC 166, 42 LE2d 134) (1974), and our state appellate courts have held that " 'a judgment of conviction or acquittal rendered in a criminal prosecution cannot be given in evidence in a purely civil action, to establish the truth of the facts on which it was rendered.' [Cits.]" *Pierce v. Pierce,* 241 Ga. 96, 100 (3) (243 SE2d 46) (1978).