## A08A0291. IN RE ESTATE OF GORE.
### (664 SE2d 290)

SMITH, Presiding Judge.

Thomas Gore appeals from a probate court order approving the sale of property belonging to the estate of his deceased mother, Ruth. He challenges the sale, asserting that he should have been permitted to purchase the property. He also argues that the probate court erred in refusing to stay the sale. For reasons that follow, we affirm.

1. The record shows that following Ruth's death, the probate court determined that she lacked a valid will, and various heirs filed competing petitions regarding the estate. The heirs eventually settled their disputes, and, on October 25, 2006, the probate court entered an order memorializing the settlement agreement. Pursuant to that agreement, the court appointed an estate administrator, then established a procedure for selling Ruth's real property, which was to be offered for sale to the heirs and other interested parties. The order provided that:

[W]ithin thirty (30) days of the date of this Order if the . Administrator determines that an offer received is the highest and best price, he shall proceed to sell to the highest and qualified offeror after confirming same to this Court; [and]

. . . upon receipt of notice from Administrator to heirs that the property is to be sold, that they have thirty (30) days to make [an] offer, if [no] offer is made or if offers are made

and are not the highest and best offers, no further notice shall be necessary to the heirs.

The administrator subsequently petitioned to sell the property to Russell Finland and Thomas Hannaford, who were not heirs to the estate. According to the petition, the administrator planned to use the sale proceeds to pay estate debts and make distributions to the heirs. Gore objected to the petition, and the probate court held an evidentiary hearing regarding the proposed sale. Although the proceedings were not transcribed, the probate court entered findings of fact.

As found by the probate court, the evidence demonstrated that Gore understood that all offers to purchase the property had to be received by the administrator no later than November 24, 2006. Two days before the deadline, Gore submitted a written purchase offer in the amount of $125,000. Finland and Hannaford, however, submitted a competing bid of $141,000, and the administrator informed Gore about the higher offer on November 27, 2006. Gore made no other written offers. But at some point after he learned about the higher bid, he verbally offered to purchase the property for $150,000. The record does not reveal the date of this oral offer.

At the hearing, Gore argued that because he was an heir, the sales procedure afforded him an additional 30 days to bid after he learned about the Finland/Hannaford offer. Asserting that his $150,000 verbal offer was timely, he claimed that he should be permitted to purchase the property for this amount. The probate court disagreed. It determined that the sales procedure did not give heirs an extra 30 days to submit an offer. Concluding that the Finland/Hannaford bid was the highest offer received during the 30-day bidding period, it denied Gore's objection and approved the sale.

Ultimately, this case turns upon the probate court's factual findings regarding the sales procedure agreed upon by the heirs when they settled their claims to Ruth's estate. These factual findings will not be disturbed on appeal if supported by any evidence. See *Fletcher v. Ellenburg*, 279 Ga. 52, 56 (1) (609 SE2d 337) (2005) (probate court's factual findings in nonjury trial are subject to clearly erroneous standard and will be upheld if supported by any evidence); *In re Estate of Huff*, 287 Ga. App. 614 (652 SE2d 203) (2007) (resolution of factual issues regarding settlement agreement is ''subject to the 'clearly erroneous' standard of review'').

The probate court found the Finland/Hannaford bid to be the highest timely offer. It noted that all interested parties, including Gore, understood the timeline for bidding on the property, and it determined that Gore presented his $150,000 offer after the bidding

period expired. Although the trial court's factual findings do not specify the date of Gore's oral offer, it deemed the offer untimely. Given the lack of a hearing transcript, we must presume that the evidence supported this conclusion. See *Broadcast Concepts v. Optimus Financial Svcs.*, 274 Ga. App. 632, 634 (1) (618 SE2d 612) (2005) ("Without a transcript, the appellate court must presume that the trial court's findings of fact are supported by evidence.") (citation and punctuation omitted).

Moreover, despite Gore's arguments to the contrary, the parties' agreed-upon sales procedure did not give the heirs 30 days to counter any offer presented by another bidder. It provided only that the heirs would have 30 days to submit an offer once they were notified that the property was for sale. The record does not reveal when Gore first received this notification. But after hearing the evidence, the probate court concluded that the bidding period for *all parties* ended on November 24, 2006, and that Finland and Hannaford presented the highest bid by this date.

Absent a hearing transcript, we cannot disturb this finding. We also cannot ignore the clear language of the order memorializing the sales procedure agreement. Accordingly, the probate court properly approved the sale of Ruth's property to Finland and Hannaford. See *Allen v. Edge*, 262 Ga. App. 82, 83 (2) (584 SE2d 686) (2003) (absent transcript or an agreed-upon statement of events at the probate court hearing, we must presume that the probate court ruled correctly); *Williams v. Williams*, 259 Ga. App. 888, 890-891 (578 SE2d 582) (2003) (indicating that "the heirs of an intestate . . . may as among themselves settle up the estate as they choose").

2. Gore also argues that the probate court erred in denying his motion to stay the property sale so that he could have a newly discovered will probated. Again, we find no error.

We review the denial of a motion to stay for abuse of discretion. *Francis v. Reynolds*, 215 Ga. App. 418 (450 SE2d 876) (1994). As we have held,

> [t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for . itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.

(Citations and punctuation omitted.) Id.

Although Gore initially believed that Ruth had died without a valid will, he asserted at the evidentiary hearing that he had recently determined that a valid will did exist. It does not appear, however,

that he ever produced the will below or established its validity, and we do not know its contents. Also, Gore agreed to the sales procedure enforced by the probate court and has not shown that the alleged will would have altered that procedure or the administrator's proposed use of the sales proceeds. Given these circumstances, the probate court did not abuse its discretion in refusing to stay the sale. See *Francis*, supra, 215 Ga. App. at 418; *Cotton v. Fed. Land Bank of Columbia*, 171 Ga. App. 360, 361 (2) (320 SE2d 235) (1984).

*Judgment affirmed. Mikell and Adams, JJ., concur.*

DECIDED JUNE 26, 2008.

*Gwendolyn Fortson Waring*, for appellant.

*Duffy & Feemster, Stanley E. Harris, Jr., Julian H. Toporek*, for appellee.