**SECOND DIVISION**
**ANDREWS, P. J.,**
**MCFADDEN and RAY, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**November 14, 2014**

# In the Court of Appeals of Georgia

A14A1218. JURDEN v. HSBC MORTGAGE CORPORATION.

MCFADDEN, Judge.

Jerry Jurden appeals from the trial court's dismissal of his complaint against HSBC Mortgage Corporation for failure to state a claim. Because Jurden can prove no set of facts in support of the complaint that would entitle him to relief, we affirm.

1. *Failure to state a claim.*

Jurden contends that the trial court erred in granting HSBC's motion to dismiss the complaint for failure to state a claim under OCGA § 9-11-12 (b) (6). We disagree.

> A motion to dismiss for failure to state a claim upon which relief may be granted should not be sustained unless (1) the allegations of the complaint disclose with certainty that the claimant would not be entitled to relief under any state of provable facts asserted in support thereof; and (2) the movant establishes that the claimant could not possibly introduce evidence within the framework of the complaint sufficient to warrant a grant of the relief sought. In deciding a motion to dismiss, all

pleadings are to be construed most favorably to the party who filed them, and all doubts regarding such pleadings must be resolved in the filing party's favor. In other words, a motion to dismiss for failure to state a claim should not be granted unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of his claim. If, within the framework of the complaint, evidence may be introduced which will sustain a grant of relief to the plaintiff, the complaint is sufficient.

*Austin v. Clark*, 294 Ga. 773, 774-775 (755 SE2d 796) (2014) (citations and punctuation omitted).

In this case, Jurden filed a pro se complaint against HSBC Mortgage Corporation, setting forth claims of wrongful foreclosure, fraud and unjust enrichment. The claims arise out of HSBC's non-judicial foreclosure sale of certain real property that secured Janie Bernice Crowe's residential mortgage loan. As alleged in Jurden's complaint, Crowe purchased the tract of real property in December 2006. In January 2007, Jurden purchased a house and moved it onto the property, where he and Crowe lived together. In March 2008, Crowe obtained a $363,750 loan and secured it with the property by signing a security deed in favor of Mortgage Electronic Registration Systems, Inc. ("MERS"). After Crowe defaulted on the loan, HSBC initiated foreclosure proceedings pursuant to MERS' transfer of its interests in the security deed to HSBC.

2

Jurden's claims are premised on challenges to the propriety of the loan agreement between Crowe and the bank, including the use of the house on the property as part of the security, as well as challenges to the propriety of the transfer of the security deed interest from MERS to HSBC. However, with regard to the house located on the land, under Georgia law, real estate means "[a]ll lands and the buildings thereon[.]" OCGA § 44-1-2 (a) (1). See also *Barrett v. Britt*, 319 Ga. App. 118, 121 (736 SE2d 148) (2012) (item attached to the land becomes a part thereof and would ordinarily pass in a conveyance of the land).

Moreover, Jurden has no standing to challenge either the loan agreement or the assignment of the security interest to HSBC because, as plainly averred in his complaint, he was not a party to either contract. See *Montgomery v. Bank of America*, 321 Ga. App. 343, 346 (2) (740 SE2d 434) (2013) (plaintiff lacked standing to contest validity of assignment of note and security deed because assignment was a "contract between MERS and [loan servicing company]"); *Breus v. McGriff*, 202 Ga. App. 216 (1) (413 SE2d 538) (1991) ("Appellants are strangers to the assignment contract between appellee and [the bank] and thus have no standing to challenge its validity.") Nor has Jurden alleged that he was a third-party beneficiary under either the loan agreement or the assignment contract. See *Marvel Enterprises v. World Wrestling*

3

*Federation Entertaiment*, 271 Ga. App. 607, 614-615 (5) (610 SE2d 583) (2005) (in order for a third party to have standing to enforce such a contract it must clearly appear from the contract that it was intended for his benefit). On the contrary, it is clear from the averments in the pleadings that neither contract was intended to benefit Jurden. Accordingly, the trial court did not err in dismissing the complaint because even when taken as true, the allegations in the complaint establish that Jurden "lacks standing to pursue [his] claims." *Wylie v. Denton*, 323 Ga. App. 161, 168 (1) (746 SE2d 689) (2013) (citation and punctuation omitted).

2. *Discovery stay*.

Jurden's further claim that the trial court erred in staying discovery pending the outcome of the motion to dismiss is without merit. As a general matter, a court's authority to order a stay in any proceedings before it "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Francis v. Reynolds*, 215 Ga. App. 418 (450 SE2d 876) (1994) (citations and punctuation omitted). Indeed, OCGA § 9-11-12 (j) mandates a stay of discovery when a motion to dismiss is filed before or at the time of filing an

4

answer. While the motion in this case was filed after the answer was filed, and thus no stay was mandated, OCGA § 9-11-12 (j) demonstrates that the law contemplates the propriety of a stay of discovery when a motion to dismiss is filed. Further, Jurden has shown no harm from the stay since discovery had no bearing on a dismissal ruling. Under the circumstances, we find no abuse of discretion by the trial court. See *Settles Bridge Farm v. Masino*, 318 Ga. App. 576, 581 (4) (734 SE2d 456) (2012) (trial court has wide discretion to shorten, extend, or reopen the time for discovery, and its decision will not be reversed absent a clear abuse of that discretion).

*Judgment affirmed. Andrews, P. J., concurs. Phipps, C. J., concurs in the judgment only.*