[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-11163
Non-Argument Calendar
_____

D.C. Docket No. 8:13-cv-00806-SDM-MAP


CINDY J. AMES,
DAVID R. AMES,

                                        Plaintiffs-Appellants,

versus

J.P. MORGAN CHASE BANK, N.A.,
NATIONWIDE TITLE CLEARING, INC.,
ERIKA LANCE,
CYNTHIA A. RILEY,
LAQUINA WILSON DOATY, et al.,

                                        Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(August 13, 2015)

Before ED CARNES, Chief Judge, WILLIAM PRYOR, and JORDAN, Circuit
Judges.

PER CURIAM:

David and Cindy Ames appeal from the district court's dismissal of their complaint against various defendants for actions related to the refinance of their mortgage and the subsequent foreclosure proceedings.  After a state court issued an opinion dismissing a similar suit brought by the Ameses in state court, the district court dismissed the federal complaint on *res judicata* and collateral estoppel grounds.  Although we conclude that the district court erroneously applied Georgia's law of both doctrines, we nevertheless affirm for the reasons set forth below.

## I.

In March 2007, plaintiffs David and Cindy Ames entered into a mortgage with Washington Mutual, executing a promissory note (the Note) and a security deed to refinance their $4.6 million home outside Atlanta.  The following year, Washington Mutual entered into receivership, and the FDIC obtained the Note.

In October 2010, the Ameses failed to pay their mortgage of approximately $22,000 a month.  In August 2012, the FDIC assigned the Note to Defendant JP Morgan Chase (Chase), which initiated foreclosure proceedings against the property later that year.

On December 19, 2012, the Ameses filed a complaint in Georgia state court against Chase, Cynthia Riley, a former Chase employee who indorsed the Note,

2

and Aldridge Connors, the law firm involved in the foreclosure, to stop the foreclosure proceeding.  They later voluntarily dismissed this complaint, and, in March 2013, filed the instant complaint in a district court in the Middle District of Florida.  In this complaint, the Ameses named the same defendants along with Nationwide Title Clearing (NTC), which prepared the assignment of the security deed for Chase, and NTC employee Erika Lance, and Chase employees LaQuina Doaty, Pearl Burch, LaShonda Anderson, Shequita Knox, and Angela Payne, all of whom either signed, witnessed, or notarized the assignment of the Note.

The complaint sought a declaratory judgment with four determinations:  that the transfer of the Note from Washington Mutual to FDIC was invalid (count 1 against Chase), that the transfer of the Note from FDIC to Chase was invalid (count 2 against Chase), that the assignment of the security deed to Chase was fraudulent and void (count 3 against Chase, NTC, Lance, Doaty, Burch, Knox, and Anderson), and that the indorsement on the Note was void (count 4 against Chase and Riley).  The complaint also contained four state-law claims:  attempted wrongful foreclosure (count 5 against Chase and Aldridge Connors), civil conspiracy (count 6 against Chase, NTC, Lance, Doaty, Burch, Knox, and Anderson), mortgage fraud (count 7 against Chase and Aldridge Connors), and breach of contract (count 8 against Chase).  Finally, it alleged a federal claim under

3

the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 to § 1692p (count 9 against all defendants).

In April 2013, Chase informed the Ameses that it again had initiated foreclosure proceedings and that a sale of their property was scheduled for early May.  The Ameses responded with a new lawsuit in Georgia state court seeking to enjoin the foreclosure, along with other claims.  All of the allegations and claims in that lawsuit related to the transfer and assignment of the Ameses' Note to Chase and the later foreclosure action.  A Georgia state court dismissed that lawsuit.

After the district court learned of the state court's order dismissing the Ameses' lawsuit, it instructed the parties to address whether *res judicata* and collateral estoppel barred the Ameses' federal court complaint.  The Ameses responded that neither doctrine barred their claims because the state-court decision was not final, as they still had time to file an appeal.  The defendants then filed motions to dismiss for failure to state a claim.

The district court concluded that the state court decision was final and dismissed all claims against Chase and Aldridge Connors on *res judicata* grounds. The court further concluded that the FDCPA claim against all defendants was barred by collateral estoppel because its central premise — that Chase had no right to foreclose — had been decided against the Ameses in the state court lawsuit. The court ruled that the Ameses had failed to invoke federal diversity jurisdiction

on the remaining counts, which were all based on state law, and declined to exercise supplemental jurisdiction over them.  This is the Ameses' appeal from the district court's judgment.

## II.

We review *de novo* the dismissal of a complaint for failure to state a claim. *See Timson v. Sampson*, 518 F.3d 870, 872 (11th Cir. 2008).  We review *de novo* whether *res judicata* or collateral estoppel bar a claim.  *See Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1238 (11th Cir. 1999).

## III.

The Ameses contend that the district court erred by applying *res judicata* and collateral estoppel because the state-court judgment was not final when the district court entered its order.  Because a Georgia court entered the state-court judgment, we apply the Georgia law of *res judicata* and collateral estoppel.  *See Brown v. R.J. Reynolds Tobacco Co.*, 611 F.3d 1324, 1331 (11th Cir. 2010) ("Under the Full Faith and Credit Act, 28 U.S.C. § 1738, a federal court must give preclusive effect to a state court judgment to the same extent as would courts of the state in which the judgment was entered.") (internal quotation marks omitted). Georgia's general rule is:

> [A] judgment sought to be used as a basis for the application of the doctrine of res judicata or collateral estoppel *must be a final judgment*. In Georgia, a judgment is suspended when an appeal is entered within

the time allowed.  And *the judgment is not final as long as there is a right to appellate review*.

*Greene v. Transp. Ins. Co.*, 313 S.E.2d 761, 763 (Ga. Ct. App. 1984) (internal quotation marks and citations omitted) (emphasis added).  "Georgia is, apparently, among the minority of states that treat a lower court judgment on appeal as not final for purposes of collateral estoppel or res judicata."  *Cox v. Mayan Lagoon Estates, Ltd.*, 734 S.E.2d 883, 890 n.8 (Ga. Ct. App. 2012).

When the district court entered its order, the Ameses still had a right to appeal the state-court judgment, which means that under Georgia law the judgment was not final for purposes of *res judicata* or collateral estoppel.  In fact, the judgment apparently is still not final.  The Ameses appealed it to the Georgia Court of Appeals, which affirmed in an unpublished opinion.  *See Ames v. JP Morgan Chase Bank, N.A.*, No. A14A2131 (Ga. Ct. App. Feb. 27, 2015).  They then filed a petition for certiorari in the Georgia Supreme Court, which granted their petition. *See Ames v. JP Morgan Chase Bank, N.A.*, No. S15G1007 (Ga. June 1, 2015).  The state-court judgment will not be final until the end of the appeals process.  The district court erred when it ruled that *res judicata* and collateral estoppel apply to the Ameses' claims.

## IV.

The defendants contend that we may affirm the district court's judgment on the alternative ground that all the counts in the Ameses' complaint fail to state a

claim without regard to *res judicata* and collateral estoppel.  *See Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361, 1364 (11th Cir. 2007) ("We may affirm the district court's judgment on any ground that appears in the record, whether or not that ground was relied upon or even considered by the court below."); *see also Ironworkers Local Union 68 v. AstraZeneca Pharm., LP*, 634 F.3d 1352, 1359–60 (11th Cir. 2011) (applying that principle in the Rule 12(b)(6) context).

Counts 1–4 of the Ameses' complaint seek a declaratory judgment that the assignment of their mortgage to Chase was invalid.  Those counts fail to state a claim because the Ameses were not a party to the mortgage-assignment contract.  As a result, they lack standing under Georgia law to challenge the assignment.  *See Jurden v. HSBC Mortg. Corp.*, 765 S.E.2d 440, 442 (Ga. Ct. App. 2014) (holding that a homeowner had no standing to challenge "the assignment of the security interest . . . [because] he was not a party to [the] contract"); *accord, e.g.*, *Montgomery v. Bank of Am.*, 740 S.E.2d 434, 438 (Ga. Ct. App. 2013).  Although the district court incorrectly ruled that *res judicata* applied to counts 1–4, it correctly dismissed those counts because they fail to state a claim on which relief can be granted.

The remaining claims, contained in counts 5–9 of the complaint, are all premised on the allegation that Chase "did not and does not possess the authority to enforce the debt evidenced by the Note" because the assignment was invalid.

Counts 5–9 do not directly challenge the assignment of the mortgage, but they will fail unless the Ameses can prove that the assignment was invalid. Because the Ameses lack standing to challenge the validity of the mortgage assignment, Georgia law also prohibits them from bringing other claims that "are premised on" that challenge. Jurden, 765 S.E.2d at 442. Paragraph 2 of the Ameses' complaint explicitly acknowledges that counts 5–9 are premised on their challenge to the assignment's validity. Georgia standing law therefore prohibits them from bringing the claims contained in those counts. The district court properly dismissed them.[1]

**AFFIRMED.**

---

[1] The Ameses also contend that the district court should have allowed them to amend their complaint. The district court did not abuse its discretion because they did not file a motion in the district court that requested leave to amend. *See Long v. Satz*, 181 F.3d 1275, 1279–80 (11th Cir. 1999); *see also* Fed. R. Civ. P. 7(b)(1).